STEPHAN A. BARBER (SBN 70070)
DANIEL P. MCKINNON (SBN 234749)
ROPERS, MAJESKI, KOHN & BENTLEY
80 North First Street
San Jose, CA 95113
Telephone:  (408) 287-6262
Facsimile:  (408) 918-4501
Email:  sbarber@ropers.com
Email:  dmckinnon@ropers.com

Attorneys for Defendant
COUNTY OF SAN BENITO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN J. SARSFIELD<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BENITO, JAIME DE LA CRUZ, in his official capacity, REB MONACO, in his official capacity, ANTHONY BOTELHO, in his official capacity, DON MARCUS, in his official capacity, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. C-07-2528 EDL<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  August 14, 2007<br>Time:  10:00 a.m.<br>Courtroom:  15<br>Judge:  Hon. Elizabeth D. Laporte |

The parties to the above-entitled action jointly submit this Joint Case Management Conference Statement.

**A.    DESCRIPTION OF CASE**

    **1.    Statement of Facts**

        **a.    Plaintiffs' Contentions:**

Plaintiff contends that, while he was the District Attorney for the County of San Benito ("County"), County and the individual defendants, who were elected members of the Board of Supervisors of County, did the following:

1.) Breached a confidentiality agreement which was part of a settlement

agreement ("the settlement agreement") entered into between Plaintiff, County and third parties by publicly discussing in local newspapers matters which Plaintiff, County and the third parties had agreed to keep confidential under the settlement agreement;

2.) After the disclosure of the confidential information, County failed to investigate the leak of confidential information and failed to discipline any of the persons responsible for the leak of confidential information.

3.) Failing and refusing, in violation of the terms of the settlement agreement, to reimburse and indemnify Plaintiff for legal fees and costs incurred by him in the defense and enforcement of the settlement agreement. This failure to indemnify Plaintiff for legal fees and costs also constituted a violation of the terms of Plaintiff's employment with County.

4.) In retaliation for Plaintiff's reporting the criminal conduct of one of the individual defendant county supervisors, Jaime De La Cruz ("De La Cruz"), to the FBI and the Attorney General's Office, as well as in retaliation for forwarding workplace harassment complaints naming de la Cruz and for cooperating in the investigation of those complaints, individual defendant County supervisors, De La Cruz, Reb Monaco ("Monaco"), Anthony Botelho ("Botelho") and Don Marcus ("Marcus"), along with the assistance of county employees Susan Thompson and Irma Valencia, engaged in an ultra vires and de-facto public disciplinary hearing regarding Plaintiff; in said hearing, individual defendant supervisors defamed Plaintiff by falsely accusing Plaintiff of professional negligence; the comments of Botelho also violated the confidentiality provisions of the settlement agreement.

Plaintiff claims 1.) damages for economic harm for the loss of the benefit of the confidentiality provisions of the settlement agreement, as well as for the amount of the legal fees and costs incurred by Plaintiff and not reimbursed by County, 2.) damages for mental distress, and 3.) attorney's fees and costs.

Plaintiff has alleged causes of action as follows: 1.) claims under 42 U.S.C. 1983, 2.) breach of contract, 3.) tortuous interference with contract; 4.) violation of California Labor Code Section 1102.5, 5.) violation of California Labor Code Section 203, 6.) intentional infliction of mental distress, and 7.) negligent infliction of mental distress.

b. **Defendants' Contentions:**

Defendants are the COUNTY OF SAN BENITO and four of its five members of the COUNTY's Board of Supervisors: JAIME DE LA CRUZ, REB MONACO, ANTHONY BOTELHO, and DON MARCUS. Defendants have filed a motion to dismiss plaintiff's Complaint and each purported cause of action contained therein.

Defendants contend the following:

(1) That plaintiff has not and cannot state a valid claim for a Section 1983 action because there are no facts to support such a claim;

(2) That the COUNTY did not breach the contract alleged in plaintiff's Complaint and do not owe plaintiff damages in the sum of $14,000 or any other sum;

(3) That the individual Supervisor defendants are not parties to the contract and, accordingly, cannot be sued for its alleged breach;

(4) That there is no recognized cause of action under California law for a malicious breach of contract;

(5) That plaintiff, as the District Attorney of the COUNTY OF SAN BENITO, was not an employee of the defendants and therefore cannot maintain any employment-based claims;

(6) That even if plaintiff was an employee, the COUNTY, as a public entity, is not subject to the wage and hour provisions of the California Labor Code;

(7) That if plaintiff was an employee, is spersonal injury claims are subject to the exclusive remedy of Worker's Compensation;

(7) That plaintiff cannot state a claim for intentional infliction of emotional distress as a matter of law;

(8) That plaintiff's claim for negligent infliction of emotional distress fails as a matter of law because defendants owed him no duty; and

(10) That the Court should abstain from hearing plaintiff's action because it involves a political controversy.

       Defendants further contend that plaintiff, as the former District Attorney of SAN BENITO COUNTY who was turned out of office by the voters in the June, 2006 election, cannot maintain an action for damages based upon perceived slights or criticisms of his performance. Plaintiff was and is a public figure and defendants had a right under the First Amendment and under certain provisions of the California Government Code to criticize or question plaintiff's performance as District Attorney and to regulate his budget.

       Finally, defendants contend that plaintiff's claims are spurious, not actionable, and nothing more than "sour grapes" on the part of a public official who lost his bid for re-election.

**2.** **Principal Factual Issues That Are in Dispute:**

Plaintiff contends the following factual issues are in dispute: None.

Defendants contend that the following factual issues are in dispute:

(1) Whether the defendants' alleged conduct and statements are privileged under California or Constitutional law;

(2) Whether the defendants actually made the statements attributable to them in plaintiff's Complaint;

(3) Whether defendants breached the subject contract; and

(4) Whether plaintiff has suffered any legally cognizable damages as a result of any act, conduct, or omission on the part of the defendants.

**3.** **Principal Legal issues That The Parties Dispute Are:**

(1) Whether plaintiff was an employee of defendants;

(2) Whether plaintiff can pursue a Section 1983 claim;

(3) Whether defendants owed a duty to plaintiff;

(4) Whether defendants' conduct and statements are privileged; and

(5) Whether the Court should abstain from hearing and deciding this controversy.

**4.** **Other Factual Issues:**

None.

5. **Service of Parties:**

All parties have been served and appeared in the action.

6. **Additional Parties To Be Joined.**

None.

B. **ALTERNATIVE DISPUTE RESOLUTION**

The parties have agreed to Early Neutral Evaluation to be completed within 90 days.

C. **CONSENT TO JURISDICTION BY MAGISTRATE JUDGE**

The parties consent to jurisdiction by a Magistrate Judge for motions to dismiss, discovery motions, and settlement conferences. Defendants do not consent to jurisdiction of a Magistrate Judge for trial or motions for summary judgment and request a District Judge.

Defendants request that this case be transferred to a District Judge in the San Jose Division because the alleged claims arose in San Benito County.

D. **DISCLOSURES**

1. **Persons and Documents Disclosed By Plaintiff:**

    (a)   Persons

        (1)   Plaintiff John Sarsfield

        (2)   Reb Monaco, County Supervisor

        (3)   Anthony Botelho, County Supervisor

        (4)   Don Marcus, County Supervisor

        (5)   Jaime de la Cruz, County Supervisor

        (6)   Pat Loe, County Supervisor

        (7)   Irma Valencia, Deputy County Counsel

        (8)   Candace Hooper, Current San Benito County District Attorney

        (9)   Susan Thompson, San Benito County Administrative Officer

        (10)  Nancy Leon, San Benito County Employee

        (11)  Katie Fancher, San Benito County Employee

(12) Julie Roybal, San Benito County Employee

(13) Richard C. Bolanos, San Francisco Attorney

(14) Elaine T. Leeming, San Francisco Attorney

(15) William J. Marder, Hollister Attorney

(16) Jon Giffen, Monterey Attorney

(17) Darren Bogie, former Deputy County Counsel and current Sacramento attorney;

(18) Karen Forcum, former Deputy County Counsel and current San Benito County Deputy District Attorney;

(19) Claude Biddle, former Interim County Counsel and current Auburn attorney;

(20) Terra Chaffee, Deputy County Counsel;

(21) Joe Paul Gonzalez, former Finance Director and current San Benito County Clerk –Auditor-Recorder.

(b) Documents:

(1) Fancher/Roybal/County Settlement Agreement and Release;

(2) Pleadings from Writ of Mandate proceeding filed against the County by Fancher and Roybal;

(3) San Benito County Board of Supervisors Regular Meeting Action Minutes for March 28, 2006;

(4) Transcript of Agenda Items 21 and 22 for March 28, 2006 Board of Supervisors Meeting;

(5) March 10, 2005, March 23, 2005, and September 13, 2006 letters from San Benito County Counsel's Office to Jon Giffen.

(6) Medical records relating to Plaintiff's cardiac condition.

(7) Documents relating to workplace harassment claims against Defendant Jaime De La Cruz.

(8) Documents relating to the reporting of the alleged criminal actrions

SJ/396670.1/BL1
SJ/398161.1/BL1

- 6 -

Case No. C-07-2528 EDL
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1  of Defendant Jaime De La Cruz to the Federal Bureau of Investigation and to the Office of the
2  Attorney General.
3              (9)    Letters from Plaintiff to Defendant County requesting
4  reimbursement to Plaintiff for his legal fees and costs incurred in enforcing the settlement
5  agreement.
6      2.   **Persons and Documents Disclosed by Defendants**
7          (a)    Persons
8              (1)    John Sarsfield
9              (2)    Reb Monaco, County Supervisor
10             (3)    Anthony Botelho, County Supervisor
11             (4)    Don Marcus, County Supervisor
12             (5)    Jaime de la Cruz, County Supervisor
13             (6)    Pat Loe, County Supervisor
14             (7)    Irma Valencia, Deputy County Counsel
15             (8)    Candace Hooper, Current San Benito County District Attorney
16             (9)    Susan Thompson, San Benito County Administrative Officer
17             (10)   Nancy Leon, San Benito County Employee
18             (11)   Katie Fancher, San Benito County Employee
19             (12)   Julie Roybal, San Benito County Employee
20             (13)   Richard C. Bolanos, San Francisco Attorney
21             (14)   Elaine T. Leeming, San Francisco Attorney
22             (15)   William J. Marder, Hollister Attorney
23             (16)   Jon Giffen, Monterey Attorney
24             (17)   Darren Bogie, former Deputy County Counsel and current
25  Sacramento attorney;
26             (18)   Karen Forcum, former Deputy County Counsel and current San
27  Benito County Deputy District Attorney;
28             (19)   Claude Biddle, former Interim County Counsel and current Auburn

SJ/396670 1/BLI
SJ/398161.1/BLI                             - 7 -                           Case No. C-07-2528 EDL
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1  attorney;

2              (20)   Terra Chaffee, Deputy County Counsel;

3              (21)   Joe Paul Gonzalez, former Finance Director and current San Benito

4  County Clerk –Auditor-Recorder.

5       (b)    Documents

6              (1)    Fancher/Roybal/County Settlement Agreement and Release;

7              (2)    Pleadings from Writ of Mandate proceeding filed against the

8  County by Fancher and Roybal;

9              (3)    San Benito County Board of Supervisors Regular Meeting Action

10 Minutes for March 28, 2006;

11             (4)    Transcript of Agenda Items 21 and 22 for March 28, 2006 Board of

12 Supervisors Meeting;

13             (5)    March 10, 2005, March 23, 2005, and September 13, 2006 letters

14 from San Benito County Counsel's Office to Jon Giffen.

15 **3.   Calculations of Damages:**

16     A.   Legal fees and costs incurred by Plaintiff and not reimbursed by County:

17 $14,000;

18     B.   Damages for mental distress and bodily injury: $1,000,000;

19     C.   Damages for violation of Labor Code Section 1102.5: Not less than

20 $20,000 (there were at least two violations of Labor Code Section 1102.5, thus entitling Plaintiff

21 to at least $20,000, $10,000 for each violation pursuant to California Labor Code Section 110-

22 2.5(f);

23     D.   Damages for violation of California Labor Code Section 203, in the sum of

24 approximately $25,000 (late payment penalty equal to Plaintiff's pay for thirty (30) working days

25     E.   Attorney's fees.

26 **E.   EARLY FILING OF MOTIONS**

27     Defendants have filed an FRCP Rule 12(b) motion to dismiss, which is scheduled for

28 hearing on August 28, 2007. If the action is not dismissed in its entirety, defendants anticipate

SJ/396670.1/BL1
SJ/398161.1/BL1                              - 8 -                    Case No. C-07-2528 EDL

1  filing a motion for summary judgment.

2  **F.    DISCOVERY**

3  Defendants propose the following discovery:

4  (a)    Depositions —           6 non-expert depositions per side

5  (b)    Interrogatories —        30 per side

6  (c)    Request for admissions — 30 per side

7  (d)    Requests for production — 30 per side

8  (e)    Non-expert discovery completion date — January 11, 2008

9  (f)    Disclosure of expert reports pursuant to FRCP Rule 26 — February 15, 2008

10 (g)    Last day for hearing of dispositive motions — February 29, 2008

11 (h)    Disclosure of supplemental expert reports — March 7, 2008

12 (i)    Completion of expert depositions — March 31, 2008

13 Plaintiffs concur with Defendants proposal for discovery except as follows:

14 (a)    Depositions -            non-expert depositions per side

15 (b)    Interrogatories -        100 per side

16 (c)    Request for admissions — 100 per side

17 (d)    Requests for production — 100 per side

18 **G.    TRIAL**

19 The parties request a jury trial date in the latter half of April or early May, 2008.

20 The anticipated length of the trial is 10 days.

21 **H.    SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL**

22 **COUNSEL**

23 Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the

24 brochure entitled "Dispute Resolution Procedures in the Northern District of California,"

25 discussed the available dispute resolution options provided by the court and private entities and

26 has considered this case might benefit from any of the of the available dispute resolution options.

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

| | | |
|---|---|---|
| 1 | Dated: August 9, 2007 | MAYO & ROGERS |
| 2 | | |
| 3 | | By: ___/s/___<br>TERENCE O'CONNELL MAYO |
| 4 | | Attorneys for Plaintiff<br>JOHN SARSFIELD |
| 5 | | |
| 6 | Dated: August 9, 2007 | ROPERS, MAJESKI, KOHN & BENTLEY |
| 7 | | |
| 8 | | By: _[signature]_ for<br>STEPHAN A. BARBER |
| 9 | | DANIEL P. MCKINNON<br>Attorneys for Defendant |
| 10 | | COUNTY OF SAN BENITO |

SJ/396670.1/BL1
SJ/398161.1/BL1

- 10 -

Case No. C-07-2528 EDL

JOINT CASE MANAGEMENT CONFERENCE STATEMENT