1  STEPHAN A. BARBER (SBN 70070)
   DANIEL P. MCKINNON (SBN 234749)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   80 North First Street
3  San Jose, CA 95113
   Telephone:    (408) 287-6262
4  Facsimile:    (408) 918-4501
   Email:        sbarber@ropers.com
5  Email:        dmckinnon@ropers.com

6  Attorneys for Defendant
   COUNTY OF SAN BENITO

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA
                        SAN JOSE DIVISION

10

11                                      CASE NO. C-07-2528 JF
   JOHN J. SARSFIELD
12                                      **NOTICE OF MOTION AND MOTION TO
                  Plaintiff,            DISMISS FOR FAILURE TO STATE A
13                                      CLAIM UPON WHICH RELIEF CAN BE
       v.                               GRANTED [FRCP 12(b)(6)]; FAILURE TO
14                                      PROVIDE A BRIEF STATEMENT OF THE
   COUNTY OF SAN BENITO, JAIME DE       CLAIM [FRCP 8(a)]; OR
15 LA CRUZ, in his official capacity, REB ALTERNATIVELY, MOTION FOR MORE
   MONACO, in his official capacity,    DEFINITE STATEMENT [FRCP 12(e)]**
16 ANTHONY BOTELHO, in his official
   capacity, DON MARCUS, in his official
17 capacity, and DOES 1 through 10,     **Date:       October 19, 2007**
   inclusive,                           **Time:       9:00 a.m.**
18                                      **Courtroom: 3**
                  Defendants.           **Judge:      Hon. Jeremy Fogel**
19

20

21 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22        PLEASE TAKE NOTICE that on October 19, 2007, at 9:00a.m., or as soon thereafter as

23 the matter may be heard in Courtroom 3 of the above entitled Court, located at 280 S. First Street,

24 San Jose, California, defendants COUNTY OF SAN BENITO, JAIME DE LA CRUZ, REB

25 MONACO, ANTHONY BOTELHO, and DON MARCUS (collectively "Defendants") will move

26 the Court to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(6) because

27 Plaintiff JOHN SARSFIELD ("Plaintiff") fails to state a claim upon which relief can be granted.

28        It is requested the Court dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil

*(left margin, vertical)* Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Procedure 12(b)(6) on the grounds that:

   (1)   Plaintiff's first cause of action for violation of civil rights under 42 U.S.C. §1983 fails to identify any deprivation of a right, privilege, or immunity secured by the Constitution;

   (2)   Plaintiff's second cause of action for breach of contract fails because Plaintiff voluntarily incurred attorney's fees when no legal claim or cause of action had been asserted against him;

   (3)   Plaintiff's third cause of action for tortious interference with contract fails because punitive damages are not recoverable for the breach of an obligation arising from contract;

   (4)   Plaintiff's fourth cause of action for violation of Cal. Lab. Code §1102.5 fails because Plaintiff was not an "employee" of the County within the meaning of the statute;

   (5)   Plaintiff's fifth cause of action for violation of Cal. Lab. Code §203 fails because among other reasons, the $14,000 in incurred attorney's fees does not constitute "wages" or "labor" as defined by the statute;

   (6)   Plaintiff's sixth cause of action for intentional infliction of emotional distress fails because the conduct complained of is protected by an absolute privilege, and emotional distress damages are not available for a breach of contract;

   (7)   Plaintiff's seventh cause of action for negligent infliction of emotional distress fails because Defendants did not owe Plaintiff a duty of care.

   In addition to the foregoing, all causes of action directed against the individual board members should be dismissed because they are entitled to absolute legislative immunity under California Civil Code Section 47. It is also requested that the action be dismissed for failure to provide a short and plain statement of the claim as required by Federal Rules of Civil Procedure 8(a). In the alternative, Defendants moves for a more definite statement pursuant to Federal Rules of Civil Procedure 12(e).

   The Motion will be based on this Notice of motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Daniel P. McKinnon, the pleadings and papers filed herein, and upon such other oral or documentary evidence of showing as may be made at the hearing of said motion.

1

Dated: August 29, 2007                    ROPERS, MAJESKI, KOHN & BENTLEY

2

3

By: _____

4
                                          STEPHAN A. BARBER
                                          DANIEL P. MCKINNON
5                                         Attorneys for Defendant
                                          COUNTY OF SAN BENITO
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C-07-2528 JF

**NOTICE OF MOTION AND MOTION TO DISMISS**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1   STEPHAN A. BARBER (SBN 70070)
    DANIEL P. MCKINNON (SBN 234749)
2   ROPERS, MAJESKI, KOHN & BENTLEY
    80 North First Street
3   San Jose, CA 95113
    Telephone:    (408) 287-6262
4   Facsimile:    (408) 918-4501
    Email:        sbarber@ropers.com
5   Email:        dmckinnon@ropers.com

6   Attorneys for Defendant
    COUNTY OF SAN BENITO

7

8                  IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
                            SAN JOSE DIVISION

10

11                                        CASE NO. C-07-2528 JF

12  JOHN J. SARSFIELD                     **MEMORANDUM OF POINTS AND**
                                          **AUTHORITIES IN SUPPORT OF**
13          Plaintiff,                    **MOTION TO DISMISS FOR FAILURE TO**
                                          **STATE A CLAIM UPON WHICH RELIEF**
14      v.                                **CAN BE GRANTED [FRCP 12(b)(6)]**

15  COUNTY OF SAN BENITO, JAIME DE
    LA CRUZ, in his official capacity, REB
16  MONACO, in his official capacity,     **Date:        October 19, 2007**
    ANTHONY BOTELHO, in his official      **Time:        9:00 a.m.**
17  capacity, DON MARCUS, in his official **Courtroom: 3**
    capacity, and DOES 1 through 10,      **Judge:       Hon. Jeremy Fogel**
18  inclusive,

19          Defendants.

20

21

22

23

24

25

26

27

28  RC1/5006232 1/BS                              **CASE NO. C-07-2528 JF**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................................... 2

II.     PLAINTIFF'S ALLEGATIONS ............................................................................ 1

III.    LEGAL ARGUMENT ............................................................................................ 3

A.    The Court has Authority to Dismiss Plaintiffs' Complaint Pursuant to
       Federal Rules of Civil Procedure Rule 12(b)(6) .......................................... 3

B.    Plaintiff's First Cause of Action Fails to State a Constitutionally Protected
       or Federal Statutory Right ............................................................................. 4

        1.    Breach of The Confidential Settlement Agreement by Disclosing its
              Details .................................................................................................. 5

        2.    Breach of the Confidential Settlement Agreement by Refusing to
              Reimburse Plaintiff for Attorney's Fees ............................................ 5

        3.    Defamation of Plaintiff During a Public Hearing ............................... 6

        4.    Financial Restrictions Over the District Attorney's Office ................ 9

        5.    Filing a Baseless Complaint Against Plaintiff in the Attorney
              General's Office .................................................................................. 9

C.    Plaintiff's Second Cause of Action for Breach of Contract Fails Because
       The County Was not Required to Indemnify Plaintiff for Voluntarily
       Incurred Attorney's Fees ............................................................................. 10

D.    Plaintiff's Third Cause of Action For "Malicious Breach of Contract" Fails
       Because Punitive Damages Are Not Recoverable For The Breach of an
       Obligation Arising From Contract ............................................................... 11

E.    Plaintiff's Fourth Cause of Action for Violation of California Labor Code
       §1102.5 Fails Because Plaintiff Was Not an "Employee" of the County
       Within the Meaning of the Statute ............................................................... 11

F.    Plaintiff's Fifth Cause of Action for Violation of California Labor Code
       §203 Fails Because Among Other Reasons the $14,000 in Incurred
       Attorney's Fees Does Not Constitute "Wages" or "Labor" as Defined by
       the Statute ..................................................................................................... 12

G.    Plaintiff's Sixth Cause of Action for Intentional Infliction of Emotional
       Distress Fails Because the Conduct Complained of is Protected by an
       Absolute Privilege, and Emotional Distress Damages are not Available for
       a Breach of Contract ..................................................................................... 13

H.    Plaintiff's Seventh Cause of Action for Negligent Infliction of Emotional
       Distress Fails Because Defendants Did Not Owe Plaintiff a Duty of Care ........... 15

I.    None of the Claims Can Be Maintained Against The Individual Members
       of the County Board of Supervisors ............................................................ 15

J.    The Court Should Abstain from Taking Part in a Political Dispute .................. 16

K.    The Court Should Dismiss the Complaint for Failure to Make a Short and
       Plain Statement of Plaintiff's Claim, or Alternatively, Require Plaintiff to
       Provide a More Definite Statement of his Claims ....................................... 16

IV.    CONCLUSION ..................................................................................................... 16

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

## TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

*Burford v. Sun Oil Co.* (1943) 319 U.S. 315 ................................................................ 16

*Cahill v. Liberty Mutual Insurance Co.* (9th Cir. 1996) 80 F.3d 336 .......................... 3

*Conley v. Gibson* (1957) 355 U.S. 41 .......................................................................... 3

*Consolidated Data Terminals v. Applied Digital Data Systems, Inc.* (9th Cir. 1983) 708 F.2d 385 .................................................................................................................... 11

*Ileto v. Glock Inc.* (9th Cir. 2003) 349 F.3d 1191 ....................................................... 3

*Jacobson v. Schwarzenegger* (2004) 357 F.Supp.2d 1198 ......................................... 16

*Mack v. South Bay Beer Distributors* (9th Cir. 1986) 798 F.2d 1279 ......................... 4

*Marder v. Lopez* (9th Cir. 2006) 450 F.3d 445 .......................................................... 10

*Monroe v. Pape* (1961) 365 U.S. 167 ......................................................................... 4

*Mullis v. United States Bankruptcy Ct.* (9th Cir. 1987) 828 F.2d 1385 ...................... 4

*Rabkin v. Dean* (1994) 856 F.Supp. 543 .................................................................... 12

*Swartz v. KPMG LLP* (9th Cir. 2007) 476 F.3d 756 ................................................. 10

*Weiner v. San Diego County* (9th Cir. 2000), 210 F.3d 1025 ..................................... 8

*Western Mining Council v. Watt* (9th Cir. 1981) 643 F.2d 618 .................................. 4

### STATE CASES

*Angell v. Peterson Tractor, Inc.*, 21 Cal.4th 981 ....................................................... 14

*Careau & Co. v. Security Pacific Business Credit Corporation*, 222 Cal.App.3d 1371 .............. 15

*Cates Construction, Inc. v. Talbot Partners* (1999) 21 Cal.4th 28 ............................ 11

*Christensen v. Superior Court* (1991) 54 Cal.39 ....................................................... 13

*Fisher v. San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590 ....................... 14

*Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal.4th 85 .......................................... 15

*Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.* (1989) 48 Cal.3d 583 ........ 15

*Molko v. Holy Spirit Association* (1988) 46 Cal.3d 1092 .......................................... 14

*Potter v. Firestone Tire and Rubber Co.* (1993) 6 Cal.4th 965 ................................. 14

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Shoemaker v. Myers*, 192 Cal.App.3d 788 ............................................................... 14

*United States Liability Insurance Co. v. Haidinger-Hayes, Inc.* (1970) 1 Cal.3d 586 ............... 16

*Wooden v. Raveling* (2002) 61 Cal.App.4th 1035 ....................................................... 15

### FEDERAL STATUTES

42 U.S.C. Section 1983 ....................................................................... 1, 2, 4, 6, 10

DPM - 17 -Case No. C-07-00688 RMWMEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [F.R.C.P. 12(b) 1, 3, ii

F.R.C.P., Rule 8 ................................................................................ 5

Fed. R. Civ. P. 12(b) ......................................................................... 10

### STATE STATUTES

California Civil Code §47 ............................................................... 8, 11, 14, 16

California Government Code §§25080, 54950 .................................................... 7

California Government Code §25303 ....................................................... 7, 8, 9, 12, 14

California Labor Code §1102.5 ........................................................... 1, 2, 12, 13

Cause of Action for Violation of California Labor Code §1102.5 ............................... 1, 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

# I.

## INTRODUCTION

Plaintiff JOHN J. SARSFIELD ("Plaintiff") is the former District Attorney for the County of San Benito. Plaintiff is suing defendants COUNTY OF SAN BENITO ("County"), JAIME DE LA CRUZ, REB MONACO, ANTHONY BOTELHO, and DON MARCUS (collectively "Defendants") for damages arising out of an alleged breach of a settlement agreement and his tenure as District Attorney. De La Cruz, Monaco, Botelho, and Marcus are being sued in their official capacity as members of the County Board of Supervisors.

Plaintiff alleges seven causes of action: 1) Violation of Civil Rights under 42 U.S.C. Section 1983; 2) Breach of Contract; 3) Tortious Interference with Contract; 5) Violation of California Labor Code §1102.5; 6) Violation of California Labor Code §203; 6) Intentional Infliction of Emotional Distress; and 7) Negligent Infliction of Emotional Distress. Plaintiff is seeking general damages in excess of $1 million, unspecified damages for mental anguish and emotional distress, punitive damages, and attorney's fees.

# II.

## PLAINTIFF'S ALLEGATIONS

On August 12, 2004, County employees Katie Fancher ("Fancher") and Julie Roybal ("Roybal") filed a complaint against the County and Plaintiff in the San Benito County Superior Court (San Benito County Superior Court Case Number CV-04-00117). The complaint alleged that Plaintiff, as their supervisor, engaged in sexual harassment and gender discrimination against them. In January 2005, the County and Plaintiff entered into a confidential settlement agreement with Fancher and Roybal.

On March 11, 2005, Fancher and Roybal filed a Writ of Mandate pursuant to the California Public Records Act in the San Benito County Superior Court, requesting the release of documents relating to the County's investigation of the sexual harassment complaint (San Benito County Superior Court Case Number CU-05-00042). The only parties to this action were Petitioners Fancher and Roybal and the Respondent County. The County filed an Opposition to

- 1 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(B)(6)]**

1    the Writ, arguing the requested records were privileged because they were prepared in

2    anticipation of litigation and therefore protected from disclosure.

3         Although Plaintiff was not a party to the action, he voluntarily injected himself into the

4    Writ proceeding by filing an *amicus curie* brief through counsel. As a result, Plaintiff claims to

5    have incurred $14,000 in attorney's fees, which he sought to recover from the County under an

6    indemnity provision in the confidential settlement agreement. The County refused to indemnify

7    Plaintiff for his attorney's fees and this lawsuit ensued.

8         Despite the constitutional averments, Plaintiff has only pled a cause of action for breach of

9    contract. The entire focus of Plaintiff's Complaint involves the alleged breach of the confidential

10   settlement agreement. Plaintiff alleges that the County breached the settlement agreement by: 1)

11   disclosing details of the settlement to the public, and 2) by not indemnifying Plaintiff for the

12   $14,000 in attorney's fees. The remainder of Plaintiff's fourteen-page Complaint incorporates

13   each claim for relief into a rambling narrative containing immaterial background information,

14   political griping followed by legal conclusions, and perfunctory references to non-existent

15   constitutional rights.

16        By its Motion, Defendants request the Court to dismiss Plaintiff's Complaint for the

17   following reasons:

18        •    Plaintiff's first cause of action for violation of civil rights under 42 U.S.C. §1983

19   fails to identify any deprivation of a right, privilege, or immunity secured by the Constitution;

20        •    Plaintiff's second cause of action for breach of contract fails because Plaintiff

21   voluntarily incurred attorney's fees when no legal claim or cause of action had been asserted

22   against him;

23        •    Plaintiff's third cause of action for tortious interference with contract fails because

24   punitive damages are not recoverable for the breach of an obligation arising from contract;

25        •    Plaintiff's fourth cause of action for violation of California Labor Code §1102.5

26   fails because Plaintiff was not an "employee" of the County within the meaning of the statute;

27        •    Plaintiff's fifth cause of action for violation of California Labor Code §203 fails

28   because among other reasons, the $14,000 in incurred attorney's fees does not constitute "wages"

RC1/5006232 1/BS                                  - 2 -                        Case No. C-07-2528 JF

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    or "labor" as defined by the statute;

2         •    Plaintiff's sixth cause of action for intentional infliction of emotional distress fails

3    because the conduct complained of is not outrageous, is protected by an absolute privilege, and

4    emotional distress damages are not available for a breach of contract;

5         •    Plaintiff's seventh cause of action for negligent infliction of emotional distress

6    fails because Defendants did not owe Plaintiff a duty of care.

7         In addition to the foregoing, all causes of action directed against the individual board

8    members should be dismissed because they are entitled to absolute legislative immunity. Finally,

9    Plaintiff's Complaint centers around a political dispute between publicly elected officials of the

10   executive and legislative branches of local government and this Court should use its discretion to

11   abstain from deciding the matter. Accordingly, the Complaint should be dismissed pursuant to

12   Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### III.

### LEGAL ARGUMENT

**A.    The Court has Authority to Dismiss Plaintiffs' Complaint Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant can move to dismiss a complaint if the facts as alleged in the complaint fail to state a claim for which relief can be granted. F.R.C.P., Rule 12(b)(6). Dismissal for failure to state a claim is appropriate when it clearly appears that the plaintiff cannot prove a set of facts to support the claim that would entitle him or her to relief. See *Conley v. Gibson*, (1957) 355 U.S. 41, 45-46.

In deciding a 12(b)(6) motion to dismiss, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded facts as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, (9th Cir. 1996) 80 F.3d 336, 337-338. However, the court need not "accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, (9th Cir. 2003) 349 F.3d 1191, 1200.

Further, the court need not accept as true, allegations that contradict facts which may be

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1   judicially noticed such as matters of public record including pleadings, orders, and other papers

2   filed with the court or records of administrative bodies.  See *Mullis v. United States Bankruptcy*

3   Ct. (9th Cir. 1987) 828 F.2d 1385, 1388; *Mack v. South Bay Beer Distributors* (9th Cir. 1986) 798

4   F.2d 1279, 1282.  Nor does the court need to accept as true conclusions of law, conclusory

5   allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council*

6   *v. Watt* (9th Cir. 1981) 643 F.2d 618, 624.

7          The last sentence of Rule 12(b) also provides that if on a motion for failure to state a claim

8   for which relief can be granted, matters outside the pleading are presented, the 12(b)(6) motion

9   should be treated as a Motion for Summary Judgment pursuant to Rule 56.

10  **B.    Plaintiff's First Cause of Action Fails to State a Constitutionally Protected or Federal Statutory Right**

11         42 U.S.C. §1983 provides a mechanism for seeking redress for an alleged deprivation of a

12  litigant's constitutional or federal statutory rights by persons acting under color of state law.  This

13  Section was originally enacted by Congress in 1871 as part of the "Ku Klux Klan Act" to provide

14  a federal forum to protect Fourteenth Amendment rights at a time when state courts suffered from

15  "prejudice, passion, neglect [and] intolerance."  *Monroe v. Pape* (1961) 365 U.S. 167.  Congress

16  did not intend the civil rights statute to be a vehicle for resolving political disputes between

17  elected officials of the executive and legislative branches.

18         To establish a prima facie case under 42 U.S.C. §1983, Plaintiff must allege two elements:

19  1) the action occurred "under color of law"; and 2) the action is a deprivation of a constitutional

20  right or federal statutory right.

21         This Court should dismiss Plaintiff's First Cause of Action because Plaintiff has not

22  alleged any deprivation of a constitutional or federal statutory right.  Rather, Plaintiff alleges that

23  the County, through the individual members of the County Board of Supervisors, retaliated

24  against Plaintiff for reporting the alleged criminal wrongdoing of one of the board members to the

25  California Attorney General's Office, the Federal Bureau of Investigations, and to the County

26  human resources department. [¶¶16, 21, and 24 of Plaintiff's Complaint.]  "Retaliation" in and of

27  itself is not a deprivation of a constitutional or federal statutory right.  Therefore, the Court must

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5006232.1/BS                              - 4 -                         Case No. C-07-2528 JF

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(B)(6)]**

1  look at what Plaintiff alleges was done to retaliate against him.

2  As discussed *infra*, Plaintiff's Complaint fails to provide a short and plain statement of the

3  claim entitling Plaintiff to relief as required by F.R.C.P., Rule 8(a).  However, after separating the

4  legal conclusions from factual allegations, Plaintiff's Complaint appears to allege that the County,

5  through its individual board members, retaliated against him by:

6  (1)     Breaching the confidential settlement agreement by disclosing its details [¶16 of

7  Plaintiff's Complaint];

8  (2)     Breaching the confidential settlement agreement by refusing to indemnify Plaintiff

9  for $14,000 in attorney's fees [¶20 of Plaintiff's Complaint];

10  (3)     Defaming Plaintiff during a public hearing [¶23 of Plaintiff's Complaint];

11  (4)     Placing financial restrictions over the District Attorney's Office [¶26 of Plaintiff's

12  Complaint]; and

13  (5)     Filing a baseless complaint against Plaintiff in the Attorney General's Office [¶20

14  of Plaintiff's Complaint].

15  Even assuming each of the alleged retaliations are true, Plaintiff does not allege a single

16  violation of any constitutional or federal statutory right.

17  **1.     Breach of The Confidential Settlement Agreement by Disclosing its Details**

18  Plaintiff alleges that:

19  Defendant De La Cruz acting on behalf of the County, began
20  publicly discussing, publishing and assisting to be published, details
    of the confidential settlement agreement…thereby breaching the
    settlement agreement/contract and invading Plaintiff's right to
21  privacy.  [¶16 of Plaintiff's Complaint.]

22  Plaintiff, as an elected public official, does not have a constitutional right to privacy

23  related to the performance of his duties as the District Attorney.  Any potential right to privacy is

24  outweighed by the public's First Amendment right to political discourse about the activities of

25  their elected officials.  Nevertheless, plaintiff does not allege a constitutional right to privacy.

26  Rather, Plaintiff alleges a right to privacy stemming from the confidential settlement agreement.

27  Even if it is true, disclosing the details of the confidential settlement agreement is, at most, a

28  breach of the agreement, not a violation of a constitutionally protected right.

RC1/5006232 1/BS                                            - 5 -                          Case No. C-07-2528 JF

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

**2.    Breach of the Confidential Settlement Agreement by Refusing to Reimburse Plaintiff for Attorney's Fees**

Plaintiff alleges that:

> On or about September 13, 2006, County breached the settlement agreement...by failing to...pay the approximate $14,000.00 bill as required by the agreement.... As such, County's failure to pay the presented claim was a denial of and in retaliation of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution, as well as a denial of equal protection of the law, under the Fourteenth Amendment of the United States Constitution, as well as a taking of Plaintiff's property (the value of the indemnification clause of the [confidential settlement agreement]) without just compensation, in violation of the Fifth Amendment and Fourteenth Amendments of the United States Constitutions. [¶¶ 20 and 21 of Plaintiff's Complaint.]

There is no constitutional right under the First, Fifth, and Fourteenth Amendments to be protected from a breach of contract. Even assuming that the County breached the settlement agreement by failing to reimburse Plaintiff for incurred attorney's fees, this does not amount to a violation of a constitutional or federal statutory right. Plaintiff has simply alleged a cause of action for breach of contract. Plaintiff's bare references to various amendments does not in and of itself support a cause of action under 42 U.S.C. §1983.

The reference to equal protection of the law under the Fourteenth Amendment seems to be related to the allegation that the "County had a long established practice of paying the work related expenses, including legal expenses" of various County offices. [See ¶21 of Plaintiff's Complaint.] Even if true, Plaintiff is not alleging the County failed to reimburse him for a "work related expense." Rather, Plaintiff is alleging the County failed to indemnify him under the settlement agreement. In either case, it does not amount to a violation of a civil right protected by the Constitution.

Plaintiff's allegation that a breach of contract is a taking of Plaintiff's property without just compensation is certainly a creative argument, but lacks any basis in law. There is no authority supporting the position that an alleged breach of contract to pay money is a deprivation of a constitutionally protected property right. Moreover, Plaintiff is simply making an erroneous legal conclusion cast in the form of a factual allegation. If this were the law, every breach of

1    contract claim against a public entity could be brought in federal court as a Section 1983 action.

2        **3.    Defamation of Plaintiff During a Public Hearing**

3        Plaintiff alleges that individual board members and their agents "engaged in ultra vires

4    and de-facto public disciplinary hearing of Plaintiff" and during the hearing "defamed Plaintiff by

5    accusing him of professional negligence" and by "wrongfully publicly stating that 'employees

6    had to be transferred to a different office because of his (Plaintiff's) conduct…'" [¶¶22 and 23 of

7    Plaintiff's Complaint.] Plaintiff further alleges that the above-described public hearing "violated

8    Plaintiff's rights under the First, Fifth, and Fourteenth Amendments to the United States

9    Constitution, and was a legal sham, in that it was designed to punish and retaliate against

10   Plaintiff." [¶23 of Plaintiff's Complaint.]

11       There is no constitutional right under the First, Fifth, or Fourteenth Amendments

12   protecting a publicly elected district attorney from "ultra vires" and/or "de facto" public

13   disciplinary hearings.  To the contrary, the Board of Supervisors have a statutory right and

14   obligation to supervise the official conduct of the district attorney as it relates to the management

15   of public funds under California Government Code §25303:

16           The board of supervisors shall supervise the official conduct of all
             county officers, and officers of all districts and other subdivisions
17           of the county, and particularly insofar as the functions and duties of
             such county officers and officers of all districts and subdivisions of
18           the county relate to the assessing, collecting, safekeeping,
             management, or disbursement of public funds.
19
             It shall see that they faithfully perform their duties, direct
20           prosecutions for delinquencies, and when necessary, require them
             to renew their official bond, make reports and present their books
21           and accounts for inspection.

22           This section shall not be construed to affect the independent and
             constitutionally and statutorily designated investigative and
23           prosecutorial functions of the sheriff and district attorney of a
             county.  The board of supervisors shall not obstruct the
24           investigative function of the sheriff of the county nor shall it
             obstruct the investigative and prosecutorial function of the district
25           attorney of a county.

26           Nothing contained herein shall be construed to limit the budgetary
             authority of the board of supervisors over the district attorney or
27           sheriff.

28       Moreover, California Government Code §§25080, 54950, and 54953(a) require the

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  County Board of Supervisors is required to hold such hearings in public:

2  > Except as otherwise provided by state law, all meetings of the board
> of supervisors shall be public. (California Government Code
3  > §25080)

4  > In enacting this chapter, the Legislature finds and declares that the
> public commissions, boards, and councils and the other public
5  > agencies in this State exist to aid in the conduct of the people's
> business. It is the intent of the law that their actions be taken
6  > openly and that their deliberations be conducted openly.
> (California Government Code §54950)

7

8  > All meetings of the legislative body of a local agency shall be open
> and public, and all persons shall be permitted to attend any meeting
> of the legislative body of a local agency, except as otherwise
9  > provided in this chapter. (California Government Code §54953(a))

10  Plaintiff had no constitutional right to be protected from criticism of his actions as a

11  publicly elected government official. In addition, a public official has no right or expectation of

12  privacy with respect to anything that he or she does in carrying out their official functions or

13  managing their public office. Thus, allegations that a public disciplinary hearing was held

14  regarding Plaintiff's professional negligence and conduct towards County employees is not a

15  violation of a constitutionally protected right.

16  Moreover, Plaintiff does not have a constitutional right to be free from defamation.

17  Plaintiff alleges the defamation occurred at a public meeting of the Board of Supervisors. As

18  discussed above, a county board of supervisors has a statutory duty to supervise officers and

19  districts insofar as budgetary or fiscal matters are concerned. California Civil Code Section 47

20  provides in relevant part:

21  A privilege publication or broadcast is one made:

22  (a)  In the proper discharge of an official duty.
(b)  In any (1) legislative proceeding, (2) judicial proceeding, (3) in any
23  other official proceeding authorized by law,…

24  California Civil Code §47 establishes an absolute privilege for comments or statements

25  made at an official or legislative proceeding, thereby protecting Defendants from any civil

26  liability even if they recklessly or intentionally made untruthful statements about Plaintiff.

27  Even if Plaintiff was defamed and the statements were not protected by an absolute

28  privilege, a claim for defamation cannot support a Section 1983 action. *Weiner v. San Diego*

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

*County* (9th Cir. 2000), 210 F.3d 1025, 1032, holding that defamation is not a proper basis for a Section 1983 claim because there is no violation of a right, privilege, or immunity protected by the Constitution or laws of the United States.

As discussed above, Plaintiff does not have a constitutional right to be protected from a breach of contract and there is no authority to support the contention that the breach of a confidentiality clause is a taking of Plaintiff's property without just compensation within the meaning of the Fifth Amendment.

### 4.    Financial Restrictions Over the District Attorney's Office

Plaintiff alleges that the County Board of Supervisors "continued to retaliate against Plaintiff by interfering with and attempting to put into place illegal financial and other controls over the District Attorney's Office." [¶26 of Plaintiff's Complaint.]

Plaintiff does not have a constitutional or federal statutory right protecting the District Attorney's Office from financial restrictions by the County Board of Supervisors. As discussed above, the only control or authority that a board of supervisors has over a district attorney is the latter's budget. By statute, a county board of supervisors shall supervise the official conduct of all county officers and districts insofar as the functions and duties of such officers and districts relate to the assessing, collecting, safekeeping, management or disbursement of public funds. California Government Code §25303. [Quoted in full above.] Further, California Government Code §25252 provides in relevant part:

> The board of supervisors shall establish or abolish, those funds as are necessary for the proper transaction of the business of the county, and may transfer money from one fund to another, as the public interest requires.

### 5.    Filing a Baseless Complaint Against Plaintiff in the Attorney General's Office.

Plaintiff alleges that the County of Board of Supervisors directed one of its agents "to file a baseless complaint with the Attorney General's Office against Plaintiff." [¶26 of Plaintiff's Complaint.]

Plaintiff does not have a constitutional or federal statutory right to be protected against a complaint being filed against him in the Attorney General's Office, even if the complaint is

RCI/5006232 1/BS                                          - 9 -                              Case No. C-07-2528 JF

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    baseless.

2        Assuming each of the alleged retaliations are true, they do not constitute a violation of a

3    constitutionally protected civil right.  At best, they could be construed as alleging a cause of

4    action for breach of contract or defamation, each of which do not raise a federal question and

5    must be brought, if at all, in state court.  As such, Plaintiff's first cause of action for violation of

6    42 U.S.C. 1983 should be dismissed with prejudice.

7    **C.    Plaintiff's Second Cause of Action for Breach of Contract Fails Because The County
        Was not Required to Indemnify Plaintiff for Voluntarily Incurred Attorney's Fees**

8        The entire focus of Plaintiff's Complaint involves the alleged breach of the confidential

9    settlement agreement.  Yet, Plaintiff does not attach the settlement agreement or otherwise quote

10   the relevant provisions.  Rather, Plaintiff paraphrases in his own words the contractual language

11   he claims to have been breached.  Plaintiff alleges that the County was obligated under the

12   settlement agreement to "among other things, defend and indemnify Plaintiff for litigation costs

13   arising out of future legal actions anticipated to be brought by employees Fancher and Roybal."

14   [¶12 of Plaintiff's Complaint.]

15       Even though Plaintiff did not attach the agreement to the Complaint it is proper for the

16   court to consider the actual indemnity provision in deciding this 12(b)(6) Motion.  *Marder v.*

17   *Lopez* (9th Cir. 2006) 450 F.3d 445, 448.  As explained in *Swartz v. KPMG LLP* (9th Cir. 2007)

18   476 F.3d 756:

19
20           In ruling on a Fed. R. Civ. P. 12(b)(6) motion, a court may
             generally consider only allegations contained in the pleadings,
21           exhibits attached to the complaint, and matters properly subject to
             judicial notice. [Citations omitted.] However, in order to prevent
22           plaintiffs from surviving a Rule 12(b)(6) motion by deliberatively
             omitting documents upon which their claims are based, a court may
23           consider a writing referenced in a complaint but not explicitly
             incorporated therein if the complaint relies on the document and its
24           authenticity is unquestioned. [Citations omitted.]

25       Here, the authenticity of the settlement agreement is not in question.  Therefore, the

26   indemnity provision is not "outside" the complaint.  The court may treat it as part of the

27   complaint and assume it to be true for the purposes of a motion to dismiss under Rule 12(b)(6).

28   *Marder v. Lopez, supra*, 450 F.3d at 448.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5006232.1/BS

- 10 -

Case No. C-07-2528 JF

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Paragraph 27 of the settlement agreement states:

> The COUNTY agrees to defend and indemnify the District Attorney in the manner and subject to the requirements of the California Government Code concerning any legal claims or causes of action asserted by the parties to this AGREEMENT.

Here, there was no legal claim or cause of action asserted against Plaintiff. Rather, Fancher and Roybal brought a claim against the County. Plaintiff voluntarily interjected himself into the suit by submitted an *amicus curie* brief. Therefore, the County's refusal to pay $14,000 of Plaintiff's attorney's fees was not a breach of the contract because the County did not have a duty to indemnify Plaintiff under the terms of the settlement agreement.

Even if the Court does not dismiss this cause of action for failure to state a claim under Rule 12(b)(6), it should be dismissed for lack of jurisdiction over the subject matter under Rule 12(b)(1).

**D.    Plaintiff's Third Cause of Action For "Malicious Breach of Contract" Fails Because Punitive Damages Are Not Recoverable For The Breach of an Obligation Arising From Contract**

Plaintiff alleges he was "deprived of the benefits of the contract" (i.e., the confidentiality and indemnify clauses) by the County breaching the contract (i.e., disclosing confidential details and refusing to indemnify Plaintiff $14,000 in attorney's fees). Plaintiff also references numerous other paragraphs in the Complaint which provide little, if any, factual support for this cause of action.

This claim purports to be nothing more than a breach of contract cause of action wherein Plaintiff seeks punitive damages based on the allegation that the breach was done "willfully, oppressively, fraudulently, [and] maliciously." [¶40 of Plaintiff's Complaint.] California law does not recognize a "malicious breach of contract" cause of action. Punitive damages are never recoverable in an action for the breach of an obligation arising from contract. See California Civil Code §3294(a); *Cates Construction, Inc. v. Talbot Partners* (1999) 21 Cal.4th 28; *Consolidated Data Terminals v. Applied Digital Data Systems, Inc.* (9th Cir. 1983) 708 F.2d 385.

Thus, this cause of action should be dismissed with prejudice.

**E.   Plaintiff's Fourth Cause of Action for Violation of California Labor Code §1102.5 Fails Because Plaintiff Was Not an "Employee" of the County Within the Meaning of the Statute.**

This cause of action makes a claim for the alleged violation of California Labor Code §1102.5. Section 1102.5 prohibits employers from adopting rules that punish employees for disclosing violations of the law.

Although it is difficult to discern which factual allegations are intended to support this cause of action, there is no need to undertake the analysis because Plaintiff is not an "employee" of the County. Plaintiff's claim for violation of California Labor Code §1102.5 is premised on his allegation that he is an employee of the County. As an elected official, Plaintiff does not have an employer. *Rabkin v. Dean* (1994) 856 F.Supp. 543, 549. In *Rabkin*, a publicly elected city auditor brought suit against members of the board of supervisors alleging among other things that the board members violated her substantive due process rights when they did not increase her salary. Her claim was premised on the allegation that she was a public employee. The court held that "[a]s an elected official, Plaintiff does not have an employer." *Id.* This is further supported by California Government Code §12550, which provides that the Attorney General has direct supervision over the district attorney and California Government Code §25303 which provides the only supervisory power the board of supervisors has over the district attorney relates to budgetary matters. [Quoted in full above.]

As such, this cause of action should be dismissed with prejudice.

**F.   Plaintiff's Fifth Cause of Action for Violation of California Labor Code §203 Fails Because Among Other Reasons the $14,000 in Incurred Attorney's Fees Does Not Constitute "Wages" or "Labor" as Defined by the Statute**

Plaintiff alleges that:

> The failure and refusal of Defendants to pay the approximate $14,000 in legal fees incurred by Plaintiff in the successful defense of the Francher/Roybal I agreement, as alleged above in Paragraph 20, constituted a failure to pay wages of Plaintiff as an employee of Defendant County.

First, §203 only applies to "employees." As discussed above, Plaintiff is not an employee of the County. *Rabkin v. Dean* (1994) 856 F.Supp.543, 549. Second, even if one

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

assumes that Plaintiff was a public employee, California Labor Code §220(b) specifically states that §§200-211 and 215-219 do not apply to the payment of wages of employees directly employed by any county:

> Sections 200 to 211, inclusive, and Sections 215 to 219, inclusive, do not apply to the payment of wages of employees directly employed by any county, incorporated city, or town or other municipal corporation. All other employments are subject to these provisions.

Third, the $14,000 for attorney's fees cannot possibly be "wages" or "labor" as defined by California Labor Code §200:

> As used in this article: (a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.
>
> (b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

Both statutory definitions require the employee to have performed labor, work, or service. Here, Plaintiff seeks reimbursement for attorney's fees paid to a third party attorney. Thus, the $14,000 is not labor, work, or service performed by Plaintiff.

Based on the foregoing, this cause of action should be dismissed with prejudice.

**G.** **Plaintiff's Sixth Cause of Action for Intentional Infliction of Emotional Distress Fails Because the Conduct Complained of is Protected by an Absolute Privilege, and Emotional Distress Damages are not Available for a Breach of Contract**

This cause of action alleges intentional infliction of mental distress. The elements of the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregarding of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct. *Christensen v. Superior Court* (1991) 54 Cal.39 869, 903.

California law defines "outrageous conduct" as conduct so extreme that exceeds all possible bounds of that usually tolerated in a decent and civilized community and is of a nature

1   which is especially calculated to cause, and does cause, mental illness. *Potter v. Firestone Tire*

2   *and Rubber Co.* (1993) 6 Cal.4th 965, 1001; *Molko v. Holy Spirit Assn.* (1988) 46 Cal.3d 1092.

3   "Outrageous conduct" does not include trivialities such as insults, indignities, threats,

4   annoyances, petty oppressions, hurt feelings, or bad manners that a reasonable person is expected

5   to endure. *Fisher v. San Pedro Peninsula Hosp.* (1989) 214 Cal.App.3d 590. Moreover, the

6   defendant must have engaged in conduct intending to inflict injury or with the realization that

7   injury will result. *Potter v. Firestone Tire and Rubber Co., supra*, 6 Cal.4th at 1001; *See also*

8   Judicial Council of California Civil Jury Instructions, Nos. 1600-1603.

9       A defendant is not responsible for emotional distress if the defendant was exercising a

10   legal right or protecting his economic interests; the conduct was lawful and consistent with

11   community standards; and the defendant had a good faith belief that he had a legal right to engage

12   in the conduct. Judicial Council of California Civil Jury Instructions, No. 1605.

13       It is absolutely ludicrous for an ex-elected official to believe that he can prove the

14   necessary elements of intentional infliction of emotional distress against the county and its board

15   of supervisors. First, criticisms of a public official's performance is protected by the First

16   Amendment and does not constitute conduct that cannot be tolerated in a civilized society. All

17   public officials are criticized at some point, even if it is unjustified. Criticism and comment come

18   with the territory, particularly for elected officials. More importantly, any actions or comments

19   by the County or its Supervisors were privileged as a matter of law because the statements or

20   conduct occurred while exercising their First Amendment rights and their statutory obligation to

21   supervise officers and districts. California Civil Code §47; California Government Code §25303.

22   [Both Section quoted in full above.]

23       Plaintiff is alleging he is an employee. If he somehow proves he is an employee, then he

24   cannot pursue a civil action against the defendants for emotional distress or physical injury as his

25   exclusive remedy is under Worker's Compensation. See, e.g., *Shoemaker v. Myers*, 192

26   Cal.App.3d 788 (1987). In addition, an employee's exclusive remedy is Worker's Compensation

27   where the employee claims a heart or other physical condition was allegedly caused by

28   discrimination, wrongful termination, etc. See *Angell v. Peterson Tractor, Inc.*, 21 Cal.4th 981

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

(1994).

Similarly, one of the sources of Plaintiff's claimed distress is the alleged breach of the contract. It is elementary law that emotional distress damages are not available for the breach of a contract, particularly when the claimed damage is purely economic. See, e.g., *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal.4th 85 (1995); *Careau & Co. v. Security Pacific Business Credit Corporation*, 222 Cal.App.3d 1371 (1990).

In conclusion, the Sixth Cause of Action cannot be sustained either legally or factually. Plaintiff was an elected public official who had certain policy-making authority as a judicial officer of the state. Plaintiff's claim that as a result of public criticism he sustained "injury to his body and shock and injury to his nervous system and person" which have resulted in "permanent disability" is not only embarrassing to himself, but an embarrassment to our legal community.

This cause of action should be dismissed with prejudice.

**H.    Plaintiff's Seventh Cause of Action for Negligent Infliction of Emotional Distress Fails Because Defendants Did Not Owe Plaintiff a Duty of Care.**

Plaintiff alleges essentially the same facts under a theory of negligent infliction of emotional distress. This claim would be considered one made by a "direct victim." Under California law, a direct victim must prove that his/her <u>serious</u> emotional distress resulted from the breach of a duty owed by the defendant to the plaintiff. The duty must be assumed by the defendant, imposed on the defendant as a matter of law, or arise out of a special relationship between plaintiff and defendant. The question of whether the defendant owed a duty to plaintiff is one of law. See, e.g., *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*, (1989) 48 Cal.3d 583; *Wooden v. Raveling*, (2002) 61 Cal.App.4th 1035.

Without question, the Defendants did not owe a duty of care to Plaintiff or have an obligation to protect him from suffering emotional distress. First, they did not assume any duty. Second, there is no duty imposed upon a county or its supervisors to protect an elected district attorney from suffering emotional distress. Third, there is no special relationship between the county defendants and a district attorney.

If as alleged, Plaintiff is an employee of the County, even if the Court were to find some

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  duty, Plaintiff's exclusive remedy for alleged emotional distress is Worker's Compensation.

2  Thus, either way, the Seventh Cause of Action must be dismissed with prejudice.

3  **I.    None of the Claims Can Be Maintained Against The Individual Members of the County Board of Supervisors**

4

5  None of the individual members of the board of supervisors is a proper defendant in this

   case.  The individual board members are not parties to the confidential settlement agreement.

6  None of the supervisors signed the agreement except Mr. Monaco in his capacity as the then-

7  Chair of the Board.  As a matter of law, the individual board members cannot be sued for breach

8  of a contract to which they are not parties or where they have not agreed to be personally liable.

9  *United States Liability Insurance Co. v. Haidinger-Hayes, Inc.*, (1970) 1 Cal.3d 586.

10

11  The individual board members cannot be sued for any employment-related claims because

    they were not Plaintiff's employer.  Any negative comments or criticisms they may have made

12  about Plaintiff are absolutely privileged under Civil Code §47, protected by the First Amendment,

13  and/or not actionable.

14

15  Moreover, none of the individual board members are a necessary party.  If one or more of

    them committed a legally actionable tort, the County is vicariously liable for such conduct.

16

17  **J.    The Court Should Abstain from Taking Part in a Political Dispute**

    Setting aside the merits of the case, this Court should abstain from hearing this mattter

18  because it is clear from Plaintiff's allegations that it is a political controversy between members

19  of the executive and legislative branches of local government.  *Burford v. Sun Oil Co.* (1943) 319

20  U.S. 315.

21

22  **K.    The Court Should Dismiss the Complaint for Failure to Make a Short and Plain Statement of Plaintiff's Claim, or Alternatively, Require Plaintiff to Provide a More Definite Statement of his Claims**

23

24  Plaintiff's Complaint is a political diatribe filled with immaterial information, unsupported

    legal conclusions and references to constitutional amendments.  Each claim for relief incorporates

25  undifferentiated facts.  The Court should strike Plaintiff's Complaint in its entirety for failing to

26  comply with Rule 8(a). See *Jacobson v. Schwarzenegger* (2004) 357 F.Supp.2d 1198, 1205.  In

27  the alternative, this Court should require Plaintiff to provide a more definite statement of his

28

RCI/5006232 1/BS                                    - 16 -                          Case No. C-07-2528 JF

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(B)(6)]**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

claims under Rule 12(e).

## IV.

## CONCLUSION

As discussed above, the First, Third, Fourth, Fifth, Sixth and Seventh Causes of Acton are simply not actionable under the law. There is no question that each of these causes of action should be dismissed. These causes of action appear to be nothing more than "sour grapes" by an elected public official who clashed with the Board of Supervisors during his four years in office and who was turned out of office by the voters.

The Second Cause of Action for breach of contract is technically appropriate from a purely legal standpoint, but it cannot be proved factually. The Writ proceeding filed by Fancher and Roybal against the County was not a claim asserted against Plaintiff. He voluntarily injected himself into that Writ of Mandate proceeding.

Even if Plaintiff insists upon pursuing his breach of contract claim, that claim does not belong in Federal Court. A breach of contract claim does not raise a federal question. It is governed exclusively by state law. There is no diversity, and even so, the claimed damages are $14,000, well under the jurisdictional minimum of the Federal Court for diversity cases. Plaintiff's claim for breach of contract must be pursued, if at all, in the San Benito County Superior Court.

Wherefore, Plaintiff's Complaint should be dismissed with prejudice.

Dated: August 29, 2007

ROPERS, MAJESKI, KOHN & BENTLEY

By:_____
STEPHAN A. BARBER
DANIEL P. MCKINNON
Attorneys for Defendant
COUNTY OF SAN BENITO

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

STEPHAN A. BARBER (SBN 70070)
DANIEL P. MCKINNON (SBN 234749)
ROPERS, MAJESKI, KOHN & BENTLEY
80 North First Street
San Jose, CA 95113
Telephone:    (408) 287-6262
Facsimile:    (408) 918-4501
Email:    sbarber@ropers.com
Email:    dmckinnon@ropers.com

Attorneys for Defendant
COUNTY OF SAN BENITO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

|  |  |
|---|---|
| JOHN J. SARSFIELD<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BENITO, JAIME DE LA CRUZ, in his official capacity, REB MONACO, in his official capacity, ANTHONY BOTELHO, in his official capacity, DON MARCUS, in his official capacity, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. C-07-2528 FL<br><br>**DECLARATION OF DANIEL P. MCKINNON IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>**Date:    October 19, 2007**<br>**Time:    9:00 a.m.**<br>**Courtroom :3**<br>**Judge:    Hon. Jeremy Fogel** |

I, Daniel P. McKinnon, declare:

1.    I am an attorney duly licensed to practice in all the State Courts of California and the Northern District for California. I make this Declaration in support of Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

2.    I am a United States citizen over the age of 18 years. I am competent to testify to the matters set forth herein.

3.    I have reviewed the confidential settlement agreement between Katie Fancher and Julie Roybal, the County of San Benito, and John Sarsfield referenced throughout Plaintiff's

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  Complaint.

2      4.    I have specifically reviewed the indemnity clause which Plaintiff paraphrases and

3  alleges in his Complaint was breached by Defendants. [See e.g., ¶¶12, 20, 21, 34, 40 of Plaintiff's

4  Complaint.]

5      5.    The indemnity clause referenced in Plaintiff's Complaint is contained in paragraph

6  27 of the settlement agreement and states in full:

7          The COUNTY agrees to defend and indemnify the District
           Attorney in the manner and subject to the requirements of the
8          California Government Code concerning any legal claims or causes
           of action asserted by the parties to this AGREEMENT.

9      5.    I have also reviewed the signature page of the settlement agreement. In addition to

10  counsel for the parties who approved as to form, the only other signatories to the settlement

11  agreement are Katie Fancher, Julie Roybal, John Sarsfield, and the County of San Benito.

12      6.    Reb Monaco signed on behalf of the County of San Benito in his official capacity

13  as the then-Chair of the County Board of Supervisors. There are no other signatories to the

14  agreement.

15      I declare under penalty of perjury that the foregoing is true and correct to the best of my

16  personal knowledge. Executed on August 29, 2007July 10, 2007 in San Jose, California.

17

18                          _____
                            DANIEL P. MCKINNON
19

20

21

22

23

24

25

26

27

28

RC1/5006233.1/BS                        - 2 -                      Case No. C-07-2528 JF

**DECLARATION OF DANIEL P. MCKINNON IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(B)(6)**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

STEPHAN A. BARBER (SBN 70070)
DANIEL P. MCKINNON (SBN 234749)
ROPERS, MAJESKI, KOHN & BENTLEY
80 North First Street
San Jose, CA 95113
Telephone:    (408) 287-6262
Facsimile:    (408) 918-4501
Email:        sbarber@ropers.com
Email:        dmckinnon@ropers.com

Attorneys for Defendant
COUNTY OF SAN BENITO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| JOHN J. SARSFIELD<br><br>                   Plaintiff,<br><br>          v.<br><br>COUNTY OF SAN BENITO, JAIME DE LA CRUZ, in his official capacity, REB MONACO, in his official capacity, ANTHONY BOTELHO, in his official capacity, DON MARCUS, in his official capacity, and DOES 1 through 10, inclusive,<br><br>                   Defendants. | CASE NO.  C-07-2528 JF<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**Date:**        **October 19, 2007**<br>**Time:**        **9:00 a.m.**<br>**Courtroom: 3**<br>**Judge:**       **Hon. Jeremy Fogel** |

Defendants COUNTY OF SAN BENITO'S, JAIME DE LA CRUZ', REB MONACO'S, ANTHONY BOTELHO'S, and DON MARCUS' (collectively "Defendants")Motion to Dismiss pursuant to *Federal Rules of Civil Procedure* Rule 12(b)(6) came on regularly for hearing in Department 15 of the above entitled court, the Honorable Elizabeth D. Laporte presiding. Plaintiff JOHN SARSFIELD ("Plaintiff") was represented by Terrence O'Connell Mayo, Esq. of Mayo & Rogers. Defendants were represented by Stephan A. Barber, Esq. of the law firm of Ropers, Majeski, Kohn & Bentley.

The Court, having read and considered the papers submitted in support of and in opposition to said motion, and having heard and considered the oral argument of Plaintiff's and

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Defendants' counsel, hereby makes the following Order(s):

(1)    Plaintiff's first cause of action for violation of civil rights under 42 U.S.C. §1983 fails to identify any deprivation of a right, privilege, or immunity secured by the Constitution;

(2)    Plaintiff's second cause of action for breach of contract fails because Plaintiff voluntarily incurred attorney's fees when no legal claim or cause of action had been asserted against him;

(3)    Plaintiff's third cause of action for tortious interference with contract fails because punitive damages are not recoverable for the breach of an obligation arising from contract;

(4)    Plaintiff's fourth cause of action for violation of California Labor Code §1102.5 fails because Plaintiff was not an "employee" of the County within the meaning of the statute;

(5)    Plaintiff's fifth cause of action for violation of California Labor Code §203 fails because among other reasons, the $14,000 in incurred attorney's fees does not constitute "wages" or "labor" as defined by the statute;

(6)    Plaintiff's sixth cause of action for intentional infliction of emotional distress fails because the conduct complained of is not outrageous, is protected by an absolute privilege, and emotional distress damages are not available for a breach of contract;

(7)    Plaintiff's seventh cause of action for negligent infliction of emotional distress fails because Defendants did not owe Plaintiff a duty of care.

(8)    The individual board members are entitled to absolute legislative immunity.

Therefore, good cause appearing, IT IS HEREBY ORDERED that Plaintiff JOHN SARSFIELD'S Complaint for Damages be dismissed in its entirety.

Dated: _____, 2007

_____
Hon. Jeremy Fogel
United States District Court

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RC1/5006234 1/BS

- 2 -

Case No. C-07-2528 JF

[PROPOSED] ORDER