1  Terence O. Mayo, Esq.  SBN 62035
   Mary E. Mayo, Esq. SBN 188142
2  Mayo & Rogers
   114 Sansome Street, Suite 1310
3  San Francisco, CA  94104

4  Telephone: (415) 397-1515
   Fax: (415) 397-1540
5
   Attorneys for Plaintiff
6  JOHN J. SARSFIELD

7                  IN THE UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                      SAN FRANCISCO DIVISION

10

11

12  JOHN J. SARSFIELD,                    )  Case No. C-07-2528 EDL
                                          )
13          Plaintiff,                    )  **MEMORANDUM OF POINTS AND**
                                          )  **AUTHORITIES IN OPPOSITION TO**
14  v.                                    )  **DEFENDANTS' MOTION TO DISMISS**
                                          )
15  COUNTY OF SAN BENITO, JAIME DE LA )  **Date:  October 19, 2007**
16  CRUZ, in his official capacity, REB   )
    MONACO, in his official capacity,     )  **Time:  9:00 A.M.**
17  ANTHONY BOTELHO, in his official      )
    capacity, DON MARCUS, in his official )  **Dept:  Courtroom 3, Fifth Floor**
18  capacity, and DOES 1 through 10, inclusive, )
                                          )
19                                        )  **Judge: The Hon. Jeremy Fogel, District**
            Defendants.                   )  **Judge**
20  _____ )

21

22

23

24

25

26

27  _____

28
                                    1

# TABLE OF CONTENTS

I.  INTRODUCTION.................................................................................5

    A.  Allegations of the Complaint. ...........................................................5

II. ARGUMENT.................................................................................... 7

    A. Plaintiff Has Adequately Constitutionally Protected Rights as Part of His Cause of Action Under 42 USC Section 1983.  ................................................7

B.  The Confidentiality of the Settlement Agreement in *Fancher/Roybal I*  Does Not Offend the Public's "First Amendment Right to Political Discourse" About the Activities of Their Elected Officials.  ..........................................................10

    C.  Even If Defamation Cannot Be the Basis of a Claim Brought Under 42 USC Section 1983, the First Cause of Action Based On 42 USC Section 1983 Is Still Valid Since It Alleges the Deprivation of Other Property Rights of Plaintiff Besides Plaintiff's Defamation Claim as Well as the Denial of Plaintiff's Right to Equal  Protection Under the Law.  .........................................................................11

D. Government Code Section 25303 Does Not Permit a Board of Supervisors to Place Illegal, Financial and Other Controls on the District Attorney's Office Run By Plaintiff, Particularly Where, As Here, Defendants' Placed Such Illegal Financial and Other Controls on the District Attorney's Office for an Unlawful and Retaliatory Reason......12

E.  The Test of Whether or Not the Individual Defendants Are Entitled to Official Immunity for Their Acts is Not the Scope of the Acts, but a "Functional" Inquiry. ........13

F.  Assuming Arguendo That the Individual Defendants are Entitled to Absolute Immunity for Some or All Their Acts, the Defendant County is not Entitled to Any Such Immunity. ....................................................................................14

G. Defendants' Filing of a Baseless Complaint with the State Attorney General's Office Against Plaintiff is Within the "Broad Range of Interests" that Are Secured by "Existing Rules or Understandings" Enumerated by the U.S. Supreme Court in  *Perry v. Sindermann, supra*. ..............................................................................15

H.  The Interpretation of the Meaning of the Indemnity Provision in the Settlement Agreement in *Fancher/Roybal I* is Properly Addressed at Trial, or At Least After Discovery is Complete,  Not on a Motion to Dismiss at the Beginning of the Case.  ..........16

**I.** **Defendant Utterly Misrepresents and Misinterprets the Meaning of the Third Cause of Action Tortuous Interference with Plaintiff's Contract Rights.** .........................................17

**J.** **The Conduct of Defendants Was Sufficiently Extreme and Outrageous to Support Sixth Cause of Action for Intentional Infliction of Emotional Distress.** ............................18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CASES AND STATUTES

**CASES**

*Fancher/Roybal I* .................................................................................**6, 9, 16, 17, 18**

*Perry v. Sindermann* 408 U.S. 593, 92 S. Ct. 2694, 2697, 33 L. Ed.2d 570 (1972)**7, 9**, **10, 15, 16**

*Progressive Transp. Services v. County of Essex* 999 F. Supp. 701 (1998) ..................**7**

*Givhan v. Western Line Consol. School Dist.,* 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 619 (1979)...............................................................................................................................**7,**

*Keyishian v. Board of Regents of Univ. of State of N.Y.,* 385 U.S. 589, 87 S. Ct. 675, 17 L. Ed. 2d 629 (1967) ...............................................................................................**7, 16**

*Rankin v. McPherson,* 483 U.S. 378, 107 S. Ct. 2891, 97 L. Ed. 2d 315 (1987).............**7, 8, 9**

*United States v. Treasury Employees* 514 U.S. 1002, 115 S. Ct. 1310, 131 L. Ed. 2d 193 (1995)..............................................................................................................................**7, 8**

*Board of County Com'rs v. Umbehr,* 518 U.S. 668, 116 S. Ct. 2342, 135 L. Ed. 2d 843 (1996). 99 F. Supp. @ 703 .......................................................................................................**7, 8**

*Rabkin v. Dean* (1994) 856 F. Supp. 543 .........................................**9, 10, 13, 14, 15, 16**

*Weiner v. San Diego County* (9th Cir. 2000) 210 F3d 1025, 1032 .......................................**11**

*Forrester v. White* (1988) 484 US 219, 223, 108 S. Ct. 538, 542, 98 L. Ed. 2d. 555.........**13**

*Monell v. Dept. of Social Serv. Of the City of New York (1978)* 436 U.S. 658, 98S Ct 2018, 56Led 2d 611..................................................................................................................**14**

*Elrod v. Burns* (1976) 427 U.S. 347, 360-61, 96 S. Ct. 2673, 2683, 49 L. Ed.2d 547............**16**

*Sugarman v. Dougall* ((1973) 413 U.S. 634, 644, 93 S. Ct. 2842, 2848, 37 L. Ed.2d 853.....**16**

*Sherbert v. Verner* (1963) 374 U.S. 398, 404, 83 S. Ct. 1790, 1794, 10 L. Ed.2d 965...........**16**

*Ojala v. Bohlin* (1960) 178 Cal. App. 2d 292, 2 Ca. Rptr. 919......................................**17**

*Di Loreto v. Shumake* (1995) 38 Cal. App. 4th 35, 38, 45 Cal. Rptr. 2d 22................................**18**

**STATUTES**

**42 U.S.C.1983**................................................................................................**6,7,8,11**

**Government Code Section 25503**................................................................................**12,**

**Rest. 2d, Torts Section 744A(1)**................................................................................**17**

# I. INTRODUCTION

## A. **Allegations of the Complaint**

The complaint alleges that, while Plaintiff was the District Attorney for the County of San Benito ("County"), County and the individual defendants, who were elected members of the Board of Supervisors of County, took the following steps in retaliation for Plaintiff's reporting the criminal conduct of one of the individual defendant county supervisors, Jaime De La Cruz ("De La Cruz"), to the FBI and the Attorney General's Office, as well as in retaliation for forwarding workplace harassment complaints naming de la Cruz and for cooperating in the investigation of those complaints:

1.) Breached a confidentiality agreement which was part of a settlement agreement ("the settlement agreement") entered into between Plaintiff, County and third parties by publicly discussing in local newspapers matters which Plaintiff, County and the third parties had agreed to keep confidential under the settlement agreement;

2.) After the disclosure of the confidential information, County failed to investigate the leak of confidential information and failed to discipline any of the persons responsible for the leak of confidential information.

3.) Failing and refusing, in violation of the terms of the settlement agreement, to reimburse and indemnify Plaintiff for legal fees and costs incurred by him in the defense and enforcement of the settlement agreement. This failure to indemnify Plaintiff for legal fees and costs also constituted a violation of the terms of Plaintiff's employment with County.

4.) individual defendant County supervisors, De La Cruz, Reb Monaco ("Monaco"), Anthony Botelho ("Botelho") and Don Marcus ("Marcus"), along with the assistance of county employees Susan Thompson and Irma Valencia, engaged in an ultra vires and de-facto public disciplinary hearing regarding Plaintiff; in said hearing, individual defendant supervisors defamed Plaintiff by falsely accusing Plaintiff of professional

5

negligence;

the comments of Botelho also violated the confidentiality provisions of the settlement agreement.

Plaintiff claims 1.) damages for economic harm for the loss of the benefit of the confidentiality provisions of the settlement agreement, as well as for the amount of the legal fees and costs incurred by Plaintiff and not reimbursed by County, 2.) damages for mental distress, and 3.) attorney's fees and costs.

Plaintiff has alleged causes of action as follows:

1.) claims under 42 U.S.C. 1983 for violation of Plaintiff's First Amendment rights of free speech, denial of Plaintiff's rights to equal protection under the Fourteenth Amendment and unlawful taking of Plaintiff's property without just compensation in violation of the Fifth and Fourteenth Amendments, all arising from Defendants' retaliatory conduct as stated above in Items 1, 2, 3 and 4; Plaintiff reported the criminal conduct of De La Cruz to the FBI and the Attorney General's Office, and also forwarded workplace harassment complaints naming De La Cruz and cooperated in the investigation of those complaints; the claim in this first cause of action under 42 U.S.C. Section 1983 for unlawful taking of Plaintiff's property without just compensation in violation of the Fifth and Fourteenth Amendment is based on, among other things, the following: A.) Defendants' refusal to pay Plaintiff the attorney's fees which Defendant County had agreed to pay Plaintiff in connection with the settlement of a law suit referred to in the complaint as *Fancher/Roybal I* as well as from B.) Defendants' violation of Plaintiff's confidentiality rights under the settlement reached by the parties in *Fancher/Roybal I;*

2.) breach of contract,

3.) tortious interference with contract;

4.) violation of California Labor Code Section 1102.5 (California state law whistleblower statute);

5.) violation of California Labor Code Section 203 (failure to pay attorney's fees due under employment contract);

6.) intentional infliction of mental distress; and

7.) negligent infliction of mental distress.

## II. ARGUMENT

### A. Plaintiff Has Adequately Alleged Constitutionally Protected Rights as Part of His Cause of Action Under 42 USC Section 1983.

In the first cause of action Plaintiff seeks damages under 42 U.S.C. Section 1983 for Defendant's violation of Plaintiff's rights of free speech under the First Amendment. The United States Supreme Court has ruled that "the government may not deny a benefit to a person on a basis that infringes his constitutionally protected … freedom of speech." *Perry v. Sindermann* 408 U.S. 593, 92 S. Ct. 2694, 2697, 33 L. Ed.2d 570 (1972). Citing *Perry v. Sindermann, supra,* the Court in *Progressive Transp. Services v. County of Essex* 999 F. Supp. 701 (1998) stated as follows:

> "… the (United States) Supreme Court has held that government employees are constitutionally protected from dismissal for publicly or privately criticizing their employer's policies, *see, e.g., Givhan v. Western Line Consol. School Dist.,* 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 619 (1979), for refusing to take an oath regarding their political affiliation, *see, e.g., Keyishian v. Board of Regents of Univ. of State of N.Y.,* 385 U.S. 589, 87 S. Ct. 675, 17 L. Ed. 2d 629 (1967), for expressing hostility to prominent political figures, *see Rankin v. McPherson,* 483 U.S. 378, 107 S. Ct. 2891, 97 L. Ed. 2d 315 (1987), or, except where political affiliation may reasonably be considered an appropriate job qualification, for supporting or affiliating with a particular political party, *see, e.g., United States v. Treasury Employees* 514 U.S. 1002, 115 S. Ct. 1310, 131 L. Ed. 2d 193 (1995). The (United States) Supreme Court recently extended these protections to independent contractors. *Board of County Com'rs v. Umbehr,* 518 U.S. 668, 116 S. Ct. 2342, 135 L. Ed. 2d 843 (1996). 99 F. Supp. @703

Based on the holdings of the United States Supreme Court in *Perry v. Sindermann, supra,* in *Givhan v. Western Line Consol. School Dist., supra,* in *Keyishian v. Board of Regents of Univ*

7

*of State of N.Y., supra,* in *Rankin v. McPherson, supra,* in *United States v. Treasury Employees, supra,* and in *Board of County Com'rs v. Umbehr, supra,* there is no question that Plaintiff has constitutionally protected rights under the First and Fourteenth Amendments to pursue an action brought under 42 U.S.C. Section 1983. In his capacity as the District Attorney for Defendant County, Plaintiff was a governmental employee (although, under the holding in *Board of County Com'rs  v. Umbehr, supra,* government employment is not necessary for recovery).

In *Rankin v. McPherson, supra,* the United States Supreme Court upheld under the First and Fourteenth Amendments the right of a clerical government employee to reinstatement to her job despite her statement after the 1981 assassination attempt on then-President Ronald Reagan, "If they go for him again, I hope they get him." *Rankin v. McPherson, supra,* 483 U.S. @ 380. In *Rankin v. McPherson, supra,* the United States Supreme Court held that it is clearly established that a State may not discharge an employee on a basis that infringes that employee's constitutionally protected interest in freedom of speech. *Rankin v. McPherson, supra,* 483 U.S. @ 383. The Court in *Rankin v. McPherson, supra,* held that "the determination of whether a public employer has properly discharged an employee for engaging in speech requires 'a balance between the interests of the (employee), as a citizen, in commenting on matters of public concern and the interests of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Rankin v. McPherson, supra,* 483 U.S. @ 384. The Court in *Rankin v. McPherson, supra,* held that "the threshold question in applying this balancing test is whether (the employee's) speech may be 'fairly characterized as constituting speech on a matter of public concern." *Rankin v. McPherson, supra,* 483 U.S. @ 384.

In the instant action, there is no question that Plaintiff's exercise of his rights of free speech in reporting the criminal conduct of De La Cruz to the FBI and the Attorney General's Office, and also forwarding workplace harassment complaints naming De La Cruz and cooperating in the investigation of those complaints "constitutes speech on a matter of public concern." In addition, Plaintiff's exercise of his free speech rights does not even require the balancing test implemented by the Court in *Rankin v. McPherson, supra.* By contrast to the comment about President Reagan by the government employee in *Rankin v. McPherson, supra*, Plaintiff's activities in reporting the criminal conduct of De La Cruz to the FBI and the Attorney General's

Office, and in forwarding workplace harassment complaints naming De La Cruz and for cooperating in the investigation of those complaints do not require the weighing of Plaintiff's free speech rights against any governmental interests because the government's interest in receiving information regarding criminal conduct of citizens and in receiving information regarding actual or potential civil claims (the workplace harassment complaints) against individuals elected to County posts (De La Cruz) ***are not even arguably in conflict  with Plaintiff's interest in protecting his rights to free speech***.

The holdings in the foregoing cases were followed in *Rabkin v. Dean* (1994) 856 F. Supp. 543, a Federal District Court case from the Northern District of California which was also cited by Defendants' counsel in their Memorandum (hereinafter, Defendants' Memorandum").

The denial of property rights under the Fourteenth Amendment which occurs as a result of a person's exercise of their First Amendment rights of free speech is to be construed broadly. As the United States Supreme Court stated in *Perry v. Sindermann, supra,*

9

> "We have made clear in *Roth* ...that 'property 'interests subject to procedural due process are not limited by a few rigid, technical forms. Rather, 'property' denotes a broad range of interests that are secured by 'existing rules or understandings.' ... A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing.
> 408 U.S. @ 601

In the instant action, Plaintiff claims the loss, among other things, of his confidentiality rights under the settlement agreement reached in *Fancher/Roybal I,* as well as the denial by Defendants of his right to reimbursement of attorney's fees and costs in the sum of approximately $14,000 in retaliation for Plaintiff's exercise of his free speech rights.  There is no question that these rights meet the test for "property interests" enunciated by the United States Supreme Court in *Perry v. Sindermann, supra.*

**B.  The Confidentiality of the Settlement Agreement in *Fancher/Roybal I Does* Not Offend the Public's "First Amendment Right to Political Discourse" About the Activities of Their Elected Officials.**

Defendants' counsel argues that the confidentiality provision of the Settlement Agreement in *Fancher/Roybal I* is unenforceable because "any potential right to privacy is outweighed by the public's First Amendment right to political discourse about the activities of their elected officials" (Defendants' Memorandum, 5:23-25).  The enforceability of confidentiality provisions in settlement agreements has been upheld in a vast litany of cases, including cases involving settlements with public entities.  Not surprisingly, Defendants' counsel cites no case authority to support his position that the public's "First Amendment right to political discourse" somehow invalidates the right of contracting parties - including public entities – to make the terms of a settlement agreement confidential.

Plaintiff is claiming that defendants 1.) agreed not to make the terms of the Settlement

Agreement confidential and 2.) thereafter breached that agreement.  It ill suits Defendants to

argue that they are entitled to make agreements, break them and escape liability for such

breach, all under the rubric of First Amendment rights.  If the terms of the original Settlement

Agreement should have been a matter of public record, Defendants had no right to agree that

the terms thereof should be made confidential.  Defendants must be held accountable for their

breach of agreement both under common law breach of contract principle as well as under 42

USC Section 1983 for their misconduct.

Defendants' argument that the public's First Amendment right to political discourse

outweighs Plaintiff's contractual rights to the confidentiality provisions contained in the

*Fancher/Roybal I* settlement agreement is in any event improper as a basis for a Rule 12(b)(6)

motion.  Again, the opinion of the Court in *Rabkin v. Dean, supra,* is instructive:

> Given the allegation in the complaint that, in engaging in the conduct
> they did, Defendants were motivated by an improper purpose, i.e.,
> retaliation against Plaintiff for exercising his free speech rights, the issue
> is not the public's first amendment right to political disclosure; rather,
> the question is whether the actions of the individual Defendant members
> of the board of supervisors have absolute immunity from liability for
> the acts they performed.  This issue was discussed at length in Section E
> dealing with legislative immunity.

**C.  Even If Defamation Cannot Be the Basis of a Claim Brought Under 42 USC
Section 1983, the First Cause of Action Based On 42 USC Section 1983 Is Still Valid Since
It Alleges the Deprivation of Other Property Rights of Plaintiff Besides Plaintiff's
Defamation Claim as Well as the Denial of Plaintiff's Right to Equal  Protection Under
the Law.**

Defendants' counsel cites the case of *Weiner v. San Diego County* (9th Cir.  2000) 210

F3d 1025, 1032 for the proposition that defamation is not a proper basis for an action brought

under 42 USC Section 1983.  Even if *Weiner, supra*, is authority for the proposition that

defamation is not a proper basis for an action brought under 42 USC Section 1983, the first

cause of action of the complaint is still valid because it asserts several other property interests

11

and rights of Plaintiff besides defamation, as well as several instances in which Plaintiff was denied equal protection under the law in retaliation for properly following the law as part of his job and for legitimate and proper exercise of Plaintiff's right of free speech.

### D. **Government Code Section 25303 Does Not Permit a Board of Supervisors to Place Illegal, Financial and Other Controls on the District Attorney's Office Run By Plaintiff, Particularly Where, As Here, Defendants' Placed Such Illegal Financial and Other Controls on the District Attorney's Office for an Unlawful and Retaliatory Reason.**

The complaint states that, among other things they did in retaliation for Plaintiff's exercise of his free speech rights, Defendants place illegal financial and other controls on the District Attorney's Office and in other ways interfered with Plaintiff's management of the District Attorney's Office, all in wrongful and illegal retaliation for the legitimate and proper exercise by Plaintiff of his free speech rights in his capacity as District Attorney for San Benito County.  Defendants' counsel cited Government Code Section 25503 as a basis for essentially immunizing Defendants' conduct in this regard from liability to Plaintiff.  Government Code Section 25503 states in relevant part that "the board of supervisors shall establish or abolish those funds as are necessary for the proper transaction in the business of the county and may transfer money from one fund to another, as the public interest requires."  The illegal financial and other controls implemented by Defendants in retaliation against Plaintiff for exercising his First Amendment rights of free speech go far beyond "establishing and abolishing funds as are necessary for the proper transaction in the business of the county" and "transferring money from one fund to another."  In fact, the financial controls implemented by Defendants were so egregious that they constituted *ultra vires* conduct.

Moreover, regardless of whether Defendants, in implementing the financial and other controls on the District Attorney's Office, were engaging in *ultra vires* conduct, there is nothing in the above-quoted language from Government Code Section 25503 which in any way

immunizes Defendants from the liability they have for asserting such financial controls over the District Attorney's office in retaliation for Plaintiff's exercise of his rights of free speech. The existence of legal authority on the part of a public entity to exercise the powers in question (i.e., implementing financial and other controls over the District Attorney's Office) is irrelevant to whether or not liability on the part of the public entity exists for exercising such powers "in bad faith with improper motives" and whether or not such action was taken by the public entity in retaliation Plaintiff's exercise of his rights of free speech. *Rabkin v. Dean, supra,* 856 F. Supp. @ 549.

**E.  The Test of Whether or Not the Individual Defendants Are Entitled to Official Immunity for Their Acts is Not the Scope of the Acts, but a "Functional" Inquiry.**

The United States Supreme Court has held that the over-riding concern in questions of official immunity is not the scope of the acts, but a "functional" inquiry in which the Court must "examine the nature of the functions with which a particular official or class of officials has been lawfully entrusted, and seek to evaluate that effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions." *Forrester v. White* (1988) 484 US 219, 223, 108 S. Ct. 538, 542, 98 L. Ed. 2d. 555; Rabkin *v. Dean, supra,* 856 F. Supp. @ 547.  Defendants bear the burden of showing that absolute immunity "is justified by overriding considerations of public policy..." *Forrester v. White*, supra, 484 US @ 224.  As the discussion below makes clear, the actions in which the individual defendants engaged are not ones which are in any way necessary for Defendants to perform their duties as members of the board of supervisors.

While the complaint lacks details on the extent to which the individual Defendants imposed improper financial and other controls on the administration of the District Attorney's Office, in fact, the controls implemented by the individual Defendants were such that they were

well beyond the scope of any proper or appropriate budgetary oversight of the District

Attorney's Office.   Secondly, there is absolutely nothing in the Government Code that states

that it is part of the Board of Supervisors' duties or powers to supervise the conduct of the

District Attorney personally.  Accordingly, the filing of a baseless  complaint against Plaintiff

and the remitting of same to the State Attorney General is by any measure an act not "justified

by overriding consideration of public policy."

Similarly, the refusal of the board of supervisors to honor the confidentiality provisions

of an agreement they approved and the refusal of the board of supervisors to honor the

indemnity provisions of the same agreement cannot be justified on the basis that any of those

acts are entitled to immunity by "overriding considerations of public policy."  It does not

impair the ability of the board of supervisors to perform its functions for the board of

supervisors not to have absolute immunity for such acts.

**F.  Assuming Arguendo That the Individual Defendants are Entitled to Absolute Immunity for Some or All Their Acts, the Defendant County is not Entitled to Any Such Immunity.**

Given that the individual Defendant members of the board of supervisors are entitled to

absolute immunity for some or all of their acts, the Defendant County of San Benito is not

entitled to such immunity.

As the Court stated in *Rabkin v. Dean, supra,*

Plaintiff's Section 1983 claims against the City cannot be resolved on
grounds of absolute immunity.  Rather, under *Monell v. Dept. of Social
Serv. of the City of New York (1978)* 436 U.S. 658, 98S Ct 2018, 56Led
2d 611, the official acts of municipal policy makers of acts of the
municipality for the purposes of Section 1983.
856 F. Supp. 543

Thus, even if the individual Defendants are dismissed, the County of San Benito is not

entitled to immunity.

14

**G. Defendants' Filing of a Baseless Complaint with the State Attorney General's Office Against Plaintiff is Within the "Broad Range of Interests" that Are Secured by "Existing Rules or Understandings" Enumerated by the U.S. Supreme Court in *Perry v. Sindermann, supra*.**

The complaint alleges that, in retaliation for Plaintiff's protected free speech and conduct, Defendants directed County employee Irma Valencia to file a baseless complaint against Plaintiff with the California State Attorney General's Office (complaint, 4:2 10). Defendants' filing of a baseless complaint with the State Attorney General's Office against Plaintiff is within the "broad range of interests" that are secured by "existing rules or understandings" enumerated by the U.S. Supreme Court in *Perry v. Sindermann, supra*. It must be kept in mind that Defendants are accused of filing a baseless complaint against Plaintiff with the State Attorney General's Office for a retaliatory and vastly improper reason, i.e., each Plaintiff reported to the FBI alleged criminal wrong doing by Defendants De La Cruz and others and for reporting to the County of San Benito Human Resources Department in compliance with Title 7 of the Civil Rights of 1964 in County discrimination policies, employee work place complaints against De La Cruz. The ruling of the Court in *Rabkin v. Dean, supra,* is instructive here. In *Rabkin v. Dean, supra,* Judge Wilken, denied a Rule 12(b)(6) motion to dismiss a claim by the Berkeley City Auditor against the City of Berkeley and the members of the Berkeley City Council for refusing to give Plaintiff a salary increase in retaliation for Plaintiff's exercise of her rights of free speech and political association. In denying the Rule 12(b) (6) motion, Judge Wilken stated as follows:

> Defendants' argument that Plaintiff has insufficiently alleged
> a constitutional injury is equally unavailing. Their assertion that
> Plaintiff has suffered no actual impairment to her political
> activities misses the point: it is Defendants' alleged attempt
> to punish Plaintiff for exercising her first amendment rights
> that constitutes the injury, While it's true, as Defendants point
> out, that the cases relied upon by Plaintiff involve more serious
> adverse job decisions taken against public employees or

15

1

> appointees and not elected officials, this distinction does
> not compel the conclusion that no constitutional injury occurred.
> Plaintiff's first amendment claim does not rest on her alleged
> rights as a government employee.  Rather, the Supreme Court
> "has made clear that even though a person has no 'right' to a
> valuable governmental benefit and even though the government
> may deny him the benefit for any number of reasons, there
> are some reasons on which the government cannot rely."
> *Elrod v. Burns* (1976) 427 U.S. 347, 360-61, 96 S. Ct. 2673,
> 2683, 49 L. Ed.2d 547 (quoting *Perry v. Sindermann, supra.*
> 856 F. Supp. @ 548.

Thus, there need be no loss of property rights *per se* for Plaintiff to assert a claim against

Defendants based on the First Amendment.  If a governmental entity takes adverse action

against a plaintiff for a reason "upon which the government cannot rely," the government's

conduct is actionable.  "Freedom of expression under the First Amendment may not be

infringed by the denial of or placing of conditions upon a benefit or privilege."  *Rabkin v.*

*Dean, supra, 856* F. Supp. @ 548; *Elrod v. Burns* (1976) 427 U.S. 347, 360-61, 96 S. Ct. 2673,

2683, 49 L. Ed.2d 547; *Sherbert v. Verner* (1963) 374 U.S. 398, 404, 83 S. Ct. 1790, 1794, 10

L. Ed.2d 965; *Sugarman v. Dougall* ((1973) 413 U.S. 634, 644, 93 S. Ct. 2842, 2848, 37 L.

Ed.2d 853; *Keyishian v. Board of Regents* (1967)385 U.S. 589, 605 – 606, 87 S. Ct. 675, 684 –

685, 17 L. Ed.2d 629.

   **H.  The Interpretation of the Meaning of the Indemnity Provision in the**
**Settlement Agreement in *Fancher/Roybal I* is Properly Addressed at Trial, or At Least**
**After Discovery is Complete,  Not on a Motion to Dismiss at the Beginning of the Case.**

      The indemnity agreement contained in the Settlement Agreement in *Fancher/Roybal I*
is as follows:

> The COUNTY agrees to defend and indemnify the District Attorney in the
> manner and subject to the requirements of the California Government Code
> concerning any legal claims or causes of action asserted by the parties to this
> AGREEMENT.

The language in the foregoing indemnity provision which defines the scope of the

16

indemnity obligations of the County, i.e., indemnity "concerning any legal claims or causes of action asserted by the parties to this agreement," is quite broad.  It does not exclude Plaintiff's rights to indemnity for attorney's fees and costs incurred in Plaintiff's efforts in *Fancher II* to prevent public dissemination of documents and information relating to the subject of the Settlement Agreement.  The indemnity provision is broad enough and/or ambiguous enough to bring within its ambit the attorney's fees incurred by Plaintiff in his efforts to enforce his rights to confidentiality of the Settlement Agreement – an important benefit to which Plaintiff was legally entitled under the Settlement Agreement.  Plaintiff was a real party in interest in *Fancher/Roybal I,* and had every right to file an amicus brief to prevent disclosure of confidential information protected under the terms of the confidentiality provision of the settlement agreement.

This is a motion to dismiss brought under FRCP Section 12 (b) (6).  Arguments regarding the interpretation of the indemnity provision of the settlement agreement cannot be made at this early juncture.  This is an issue to be resolved at trial.

> Defendants also argue that their decision (in denying Plaintiff City Auditor a salary increase) advanced a public policy interest and that they applied the same policy when voting not to propose salary increases for other elected officials.  This is a factual argument aimed at defeating Plaintiff's allegation that she was singled out for political reasons.  As such, it is irrelevant to the sufficiency of the complaints allegations, and thus irrelevant to the Court's inquiry on a motion to dismiss under Rule 12(b) (6).  Plaintiff need only allege that her political activities were a substantial or motivating factor in the adverse salary decisions…
> 856 F. Supp. @ 548 – 549.

## I. Defendant Utterly Misrepresents and Misinterprets the Meaning of the Third Cause of Action Tortuous Interference with Plaintiff's Contract Rights

The third cause of action is one not for "malicious breach of contract" as Defendants' counsel claims, but rather for tortious interference with Plaintiff's rights under the Settlement

Agreement.  It is not a breach of contract claim.  It is a tort claim long enforced and recognized as valid.  See Rest. 2d, Torts Section 774A(1); see also *Ojala v. Bohlin* (1960) 178 Cal. App. 2d 292, 2 Ca. Rptr. 919; *Di Loreto v. Shumake* (1995) 38 Cal. App. 4th 35, 38, 45 Cal. Rptr. 2d 22.  Moreover, punitive damages are recoverable in an action for tortious interference with contractual relationship.

### J.  The Conduct of Defendants Was Sufficiently Extreme and Outrageous to Support Sixth Cause of Action for Intentional Infliction of Emotional Distress

The facts alleged in the complaint are by any measure egregious in terms of both the reason alleged for Defendants' conduct as well as the conduct itself which was directed specifically toward Plaintiff.  As is set forth in the complaint, because Plaintiff was lawfully and appropriately reporting to the FBI alleged criminal wrongdoing by Defendant De La Cruz and others and for Plaintiff reporting employee work place harassment complaints against Defendant De La Cruz to the County of San Benito Human Resources Department in compliance with Title 7 of the Civil Rights Act of 1964 as well as San Benito county anti-discrimination policies.  The complaint alleges that, in retaliation for engaging in the above-described conduct, Defendants

1.) Failed and refused to pay the sum of approximately $14,000 due to Plaintiff under the indemnity provision contained in the Settlement Agreement in *Fancher/Roybal I* ;

2.) Publicly discussed, published and assisted to be published, details of the confidential settlement agreement reached in *Fancher/Roybal I*;

3.) Publicly and defamed Plaintiff by accusing Plaintiff of professional negligence, or words to that effect, in a false manner,

4.) Filed a baseless complaint against Plaintiff with the State Attorney General's Office;

5.) Engaged in an ultra vires and de facto public disciplinary hearing regarding Plaintiff;

The foregoing conduct meets the "extreme and outrageous" requirements of applicable case

18

law.

There are other facts which support Plaintiff's claim for intentional infliction of mental distress which have not thus far been mentioned.  If this Court is for any reason inclined to grant the Motion to Dismiss as to the sixth cause of action, Plaintiffs seek leave of court that any such motion be granted with leave to amend, so that Plaintiff can allege additional acts in conduct of Defendants giving rise to and supporting the cause of action for intentional infliction of mental distress.

Dated: October 2, 2007                              MAYO & ROGERS

                                                    Attorneys for Plaintiff JO
                                                    HN J. SARSFIELD

                                          By:      _____
                                                    TERENCE O. MAYO

**PROOF OF SERVICE**
C.C.P. Section 2015.5

I, the undersigned, declare:

I reside in the State of California, am over the age of eighteen years, and not a party to the within action.  My business address is MAYO & ROGERS, 114 Sansome Street, Suite #1310, San Francisco, CA  94104.  On this date I served the within document[s]:

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

[X ]          by transmitting via **FACSIMILE** the above-listed document(s) to the fax number(s) set forth below.

[X]          by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States **MAIL** at San Francisco, California, addressed as set forth below.

[ ]          by causing to be **HAND** delivered the document(s) listed above to the person(s) at the address(es) set forth below.

[ ]          by placing the document(s) listed above in a sealed **FEDERAL EXPRESS** envelope, with delivery charges prepaid, in a Federal Express depository at San Francisco, California, addressed as set forth below.

| | |
|---|---|
| William E. Adams, Esq.<br>Fitzgerald, Abbott & Beardsley<br>1221 Broadway, 21st floor<br>Oakland, CA  94612<br>Fax: 510-451-1527 | Ron Rubenstein, Esq.<br>Hilltop Office Park, Plaza 2<br>3260 Blume Drive, Suite 410<br>San Pablo, CA 94806<br>Fax: 510-243-2490 |
| Barry D. Brown<br>Gray Duffy LLP<br>702 Marshall St., Suite 600<br>Redwood City, CA 94063<br>Fax: 650-365-6225 | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed at San Francisco, California on October 4, 2007.

_____
Melissa Holmes

20