STEPHAN A. BARBER (SBN 70070)
DANIEL P. MCKINNON (SBN 234749)
ROPERS, MAJESKI, KOHN & BENTLEY
80 North First Street
San Jose, CA 95113
Telephone:     (408) 287-6262
Facsimile:     (408) 918-4501
Email:         sbarber@ropers.com
Email:         dmckinnon@ropers.com

Attorneys for Defendant
COUNTY OF SAN BENITO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JOHN J. SARSFIELD<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BENITO, JAIME DE LA CRUZ, in his official capacity, REB MONACO, in his official capacity, ANTHONY BOTELHO, in his official capacity, DON MARCUS, in his official capacity, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. C-07-2528 JF<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]; FAILURE TO PROVIDE A BRIEF STATEMENT OF THE CLAIM [FRCP 8(a)]; OR ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)]**<br><br>**Date:**      **October 19, 2007**<br>**Time:**      **9:00 a.m.**<br>**Courtroom: 3**<br>**Judge:**     **Hon. Jeremy Fogel** |

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1

**TABLE OF CONTENTS**

2

**Page**

3   I.   PLAINTIFF'S SECTION 1983 CLAIM MUST BE DISMISSED BECAUSE
        PLAINTIFF DOES NOT ALLEGE A VIOLATION OF ANY
4        CONSTITUTIONALLY PROTECTED RIGHTS .................................................. 1

5        A.   Plaintiff Was Not Denied A Public Benefit As A Result of Exercising His
             Free Speech .................................................................................................... 1

6        B.   The Supreme Court Has Held that a Cause of Action Arising from the
             Breach of a Contract is not a Proper Basis for a Section 1983 Claim and
7            Must be Brought, If At All, in State Court ..................................................... 3

8        C.   The Alleged Speech Forming the Basis of Plaintiff's Section 1983 Claim
             Does Not Qualify as Constitutionally Protected Speech ................................ 5

9        D.   Plaintiff Does Not Allege a Constitutional Right to Privacy Protected by
             the Constitution .............................................................................................. 6

10       E.   Plaintiff Does Not Dispute that Defamation Can Not Form the Basis of a
             Section 1983 Claim ......................................................................................... 7
11
         F.   The County's Management of Public Funds Does Not Support a Claim
12           Arising Under 42 U.S.C. §1983 ....................................................................... 7

         G.   Even if a "Baseless" Complaint was Filed Against Plaintiff, This Does not
13           Amount to a Violation of a Constitutional Right ............................................. 9

14  II.   THE INDIVIDUAL BOARD MEMBERS SHOULD BE PROPERLY
         DISMISSED FROM THIS SUIT ................................................................................. 9

15  III.  PLAINTIFF DOES NOT ALLEGE AN INJURY AS A RESULT OF AN
         EXECUTION OF THE COUNTY'S POLICY OR CUSTOM ............................ 10
16
    IV.   PLAINTIFF PUT THE INDEMNITY PROVISION AT ISSUE BY MAKING IT
17       THE BASIS OF A SECTION 1983 CLAIM .......................................................... 11

18  V.   PLAINTIFF DOES NOT ALLEGE A CAUSE OF ACTION FOR TORTIOUS
         INTERFERENCE WITH CONTRACT ................................................................... 11

19  VI.   PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF
         EMOTIONAL DISTRESS IS A WASTE OF THIS COURT'S RESOURCES ...... 12

20  VII.  PLAINTIFF DOES NOT OPPOSE CERTAIN ASPECTS OF DEFENDANTS'
         MOTION TO DISMISS ................................................................................................ 13
21
    VIII. CONCLUSION .............................................................................................................. 13

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

## TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*Board of County Com'rs v. Umbehr* (1996) 518 U.S. 668 ........................................................ 3

*Bogan v. Scott-Harris* (1998) 523 U.S. 44 ........................................................ 10

*Burford v. Sun Oil Co.* (1943) 319 U.S. 315 ........................................................ 13

*Carlos v. Santos* (1997) 123 F.3d 61 ........................................................ 9

*Connick v. Myers* (1983) 461 U.S. 138 ........................................................ 5, 6

*Garcetti v. Ceballos* (2006) 126 S.Ct. 1951 ........................................................ 5

*Givhan v. Western Line Cons. School District* (1978) 439 U.S. 410 ........................................................ 2

*Keyishian v. Board of Regents* (1967) 385 U.S. 589 ........................................................ 2

*Lujan v. G&G Sprinklers* (2001) 532 U.S. 189 ........................................................ 5

*Monell v. Department of Social Serv. Of the City of New York* (1978) 436 U.S. 658 ........................................................ 10

*Motion. Swartz v. KPMG LLP* (9th Cir., 2007) 476 F.3d 756 ........................................................ 11

*Perry v. Sindermann* (1972) 408 U.S. 593 ........................................................ 1, 2, 4

*Progressive Transport Services v. County of Essex* (1998) 999 F.Supp. 701 ........................................................ 1, 2, 3, 4

*Rabkin v. Dean, supra,* 856 F.Supp. 543 ........................................................ 7, 9, 10

*Rankin v. McPherson* (1987) 483 U.S. 378 ........................................................ 3, 5

*Siegert v. Gilley* (1991) 500 U.S. 226 ........................................................ 10

*United States v. Treasury Employees* (1995) 513 U.S. 454 ........................................................ 3

### STATE CASES

*Potter v. Firestone Tire and Rubber Co.* (1993) 6 Cal.4th 965 ........................................................ 12

*Reeves v. Hanlon* (2004) 33 Cal.4th 1140 ........................................................ 11

### FEDERAL STATUTES

42 U.S.C. §1983 ........................................................ 1, 3, 4, 7, 9, 10, 11, 13

28 U.S.C. §1367(c) ........................................................ 4

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

<u>STATE STATUTES</u>

4  California Government Code §§25303, 25252 .................................................................... 7, 8

5  California Government Code §§25080, 54950, 54953(a) ...................................................... 12

6  California Labor Code §1102.5 ........................................................................................ 13, 14

7  Civil Code §47 ........................................................................................................................ 10

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    COME NOW Defendants COUNTY OF SAN BENITO, JAIME DE LA CRUZ, in his

2    official capacity, REB MONACO, in his official capacity, ANTHONY BOTELHO, in his official

3    capacity, DON MARCUS, in his official capacity (collectively, the "County") and submits its

4    Reply to plaintiff JOHN J. SARSFIELD'S ("Plaintiff") Opposition to Defendant's Motion to

5    Dismiss pursuant to Rule 12(b)(6).

6    Plaintiff's Opposition demonstrates that this case is nothing more than a dressed up breach

7    of contract claim. All of Plaintiff's alleged "rights" derive from the settlement agreement, not

8    from any constitutional or federally protected rights. To allow this case to move through the

9    federal court system would create horrible precedence by taking a garden variety state law cause

10    of action and turning it into a federal question under the guise of 42 U.S.C §1983.

11    I.    **PLAINTIFF'S SECTION 1983 CLAIM MUST BE DISMISSED BECAUSE
       PLAINTIFF DOES NOT ALLEGE A VIOLATION OF ANY**
12    **CONSTITUTIONALLY PROTECTED RIGHTS**

13    Plaintiff is unable to state a claim arising under 42 U.S.C. §1983 because, based on the

14    facts of this case, he cannot allege a violation of a constitutionally protected right. Like his

15    Complaint, Plaintiff's Opposition again makes reference to several constitutional rights including

16    the First Amendment right to free speech, the Fourteenth Amendment right to equal protection of

17    the laws, and the Fifth and Fourteenth Amendments right against unlawful taking of property

18    without just compensation. Although Plaintiff has adequately noted that these rights do in fact

19    exist, the question raised in Defendants' Rule 12(b)(6) Motion to Dismiss and still begging to be

20    answered is: How do these rights apply to Plaintiff's Section 1983 claim based on the facts

21    alleged in this case?

22    A.    **Plaintiff Was Not Denied A Public Benefit As A Result of Exercising His Free
       Speech**
23    
24    Plaintiff claims he has a constitutional right to free speech. The County agrees. However,

       Plaintiff has not alleged any violation of that right. Nor does Plaintiff's Opposition explain how
25    
       Plaintiff's constitutional right to free speech was violated. Rather, Plaintiff quotes passages from
26    
       *Perry v. Sindermann* (1972) 408 U.S. 593 and *Progressive Transp. Services v. County of Essex*
27    
       (1998) 999 F.Supp. 701 in support of his conclusory statement that "there is no question that
28    

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    Plaintiff has constitutionally protected rights under the First and Fourteenth Amendments to

2    pursue an action brought under 42 U.S.C. Section 1983." [8:2-4 of Plaintiff's Opposition.]

3    Plaintiff misses the point. The question is not whether he has a constitutional right to freedom of

4    speech. Rather, it is whether Plaintiff has alleged any facts to support the inference that the

5    County has violated this right. A bare reference to a constitutional right does not support a

6    Section 1983 claim. The cases Plaintiff cites are inapposite.

7            In *Perry*, Odessa Junior College allegedly refused to rehire plaintiff as a professor because

8    he publicly criticized the college's Board of Regents in a newspaper advertisement and by

9    testifying on several occasions before the Texas Legislature. *Perry v. Sindermann, supra*, 408

10   U.S. at 594-595. The issue in *Perry* was whether the government could terminate a government

11   employee because of their speech on matters of public concern. The *Perry* court held that the

12   government may not deny a valuable public benefit to a person because of his exercise of

13   constitutionally protected speech or associations. *Id.* at 597.

14           Similarly, in *Progressive*, Essex County allegedly refused to rehire plaintiff, an

15   independent contractor, to transport handicapped children to and from school programs because

16   of plaintiff's exercise of its First Amendment rights. *Progressive Transp. Services v. County of*

17   *Essex, supra*, 999 F.Supp. at 702-703. The issue in *Progressive* was whether plaintiff's speech

18   involved matters of public concern. The Progressive court held that plaintiff's speech did not

19   implicate matters of public concern. *Id.* at 705.

20           Neither of these cases support the proposition that Plaintiff has, or can, adequately allege a

21   Section 1983 claim based on the facts of this case. Unlike *Perry* and *Progressive*, Plaintiff has

22   not alleged that the County denied any valuable public benefit because of his exercise of free

23   speech. Rather, Plaintiff is asserting the County breached a settlement agreement by disclosing

24   its confidential terms and refusing to indemnify his attorney's fees. In each of the cases relied on

25   by Plaintiff the government deprived the plaintiff of a <u>valuable public benefit</u> (e.g., the right to

26   employment or pursuit of livelihood).

27           For example, in *Perry v. Sindermann, supra*, 408 U.S. 593, *Givhan v. Western Line Cons*

28   *School Dist.* (1978) 439 U.S. 410, *Keyishian v. Board of Regents* (1967) 385 U.S. 589, and

- 2 -                                    Case No. C-07-2528 JF

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

*Rankin v. McPherson* (1987) 483 U.S. 378 each of the plaintiffs were allegedly deprived of employment by the government as a result of their speech on matters of public concern. Similarly, in *Progressive Transp. Services v. County of Essex, supra,* 999 F.Supp. 701, and *Board of County Com'rs v. Umbehr* (1996) 518 U.S. 668, the plaintiffs were alleged deprived the right to be hired by the government as a result of their free speech. Finally, in *United States v. Treasury Employees* (1995) 513 U.S. 454, the plaintiffs were denied the right to earn compensation for participating in public speech.

None of the cases cited by Plaintiff support a Section 1983 claim based on the alleged breach of a settlement agreement. If this were the case, every single contract entered into by a public agency would subject that agency to a claim under 42 U.S.C. §1983 and its enhanced remedies. The public agency would not only be potentially liable for damages arises from the common law breach of contract claim, but also for tort damages, punitive damages, and attorney's fees. Such a result is certainly not supported by the legislative intent envisioned by Section 1983 or any of the cases that involve that provision.

Thus, Plaintiff has failed to allege any violation of his First Amendment rights. Even assuming Plaintiff's speech was constitutionally protected (which as discussed below, it was not) Plaintiff was not denied any public benefit for exercising his First Amendment rights.

**B.    The Supreme Court Has Held that a Cause of Action Arising from the Breach of a Contract is not a Proper Basis for a Section 1983 Claim and Must be Brought, If At All, in State Court**

A cause of action arising from a breach of contract is governed by state law and does not raise a federal question, let alone form the basis for a Section 1983 claim. *Progressive Transp. Services v. County of Essex, supra,* 999 F.Supp. 701 is directly on point. In addition to its claim that Essex County refused to rehire plaintiff due to plaintiff's exercise of free speech, the plaintiff in *Progressive* also alleged the county breached a contract by their refusal to pay monies allegedly owed to Plaintiff under an existing contract. In addressing the breach of contract allegation the court refused to exercise jurisdiction because it did not involve a federal question:

> As a final matter, Plaintiff brings a claim for breach of contract. It is now well settled that although the doctrine of supplemental jurisdiction is one of flexibility and discretion, it is fundamental that "needless decisions of state law should be

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." [Citations.] Moreover, "[a] district court out not 'reach out for . . . issues, thereby depriving state courts of opportunities to develop and apply state law.'" [Citations.] *Id.* at 705.

Having determined that the breach of contract claim did not involve a federal question, the *Progressive* court dismissed it pursuant to 28 U.S.C. §1367(c)(3). In fact, Plaintiff concedes that he has asserted a common law breach of contract cause of action, but erroneously assumes it can also be used to assert a Section 1983 claim: "Defendants must be held accountable for their breach of agreement both under common law breach of contract principle as well as under 42 USC Section 1983 for their misconduct." [11:4-7 of Plaintiff's Opposition.] Plaintiff does not cite a single case for the proposition that a common law breach of contract gives rise to a claim under 42 U.S.C. §1983. Rather, courts have expressly rejected this proposition.

Beginning on page 9, line 24 of Plaintiff's Opposition, Plaintiff appears to argue that the alleged breach of the settlement agreement constitutes a denial of his property rights. It is unclear what relevance this has to Plaintiff's allegation that his First Amendment free speech rights were violated, since the passage quoted in support of this "argument" expressly relates to procedural due process (which is one of the only constitutional averments not made in Plaintiff's Complaint.) Nevertheless, in an abundance of caution that procedural due process was buried somewhere in the Complaint, a breach of contract cause of action does not form the basis for a free speech or procedural due process Section 1983 claim.

Plaintiff quotes a passage from *Perry v. Sindermann, supra,* 408 U.S. 593 in support of his argument that the settlement agreement creates "'property' interests subject to procedural due process protection." *Id.* at 601. As explained in *Perry*, any "property" interest that Plaintiff may have in the settlement agreement is "irrelevant to his free speech claim." *Id.* at 599. The *Perry* court expressly states that whether a contractual right creates a "property" interest is irrelevant to Plaintiff's claim that his First Amendment rights were violated. *Id.* The only relevance such an argument has is to whether his procedural due process rights were violated. *Id.*

A claim based on a denial of procedural due process challenges the constitutional adequacy of state law procedural protections accompanying a deprivation of a constitutionally

- 4 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    protected interest in life, liberty or property. It is not the deprivation itself that is actionable, but

2    only the deprivation without the requisite process. *See e.g.,* *Lujan v. G&G Sprinklers* (2001) 532

3    U.S. 189. The Supreme Court has held that even if it is assumed that a contractual right creates a

4    property interest, these are interests "that can be fully protected by an ordinary breach-of-contract

5    suit." *Id.* at 196. Thus, an action arising from the breach of a contractual right does not support a

6    Section 1983 cause of action because the plaintiff has sufficient opportunity to pursue the claim in

7    state court. *Id.* at 195.

8        Thus, even assuming some protected interest was violated through the breach of contract,

9    this cannot form the basis for a Section 1983 claim.

10   **C.    The Alleged Speech Forming the Basis of Plaintiff's Section 1983 Claim Does Not Qualify as Constitutionally Protected Speech**

11       Plaintiff's lengthy discussion of *Rankin v. McPherson* (1987) 483 U.S. 378 has no bearing

12   to the facts of this case. The issue in *Rankin* was whether a public employer can discharge an

13   employee for engaging in constitutionally protected free speech. Here, Plaintiff was not

14   discharged due to his alleged free speech. Therefore, the balancing of interests that were

15   addressed in *Rankin*, and arguable undertaken by Plaintiff in his Opposition, are inapplicable to

16   the facts of this case. What is an issue relevant to the facts of this case, and addressed in *Rankin*,

17   is the threshold question of whether the speech in question is constitutionally protected.

18       The United States Supreme Court requires "courts to begin by considering whether the

19   expressions in question were made by the speaker 'as a citizen upon matters of public concern.'

20   [Citations.]" *Garcetti v. Ceballos* (2006) 126 S.Ct. 1951, 1956. This is a question of law to be

21   decided by the court. *Connick v. Myers* (1983) 461 U.S. 138, 148 n.7. *Garcetti* is directly on

22   point as it involved speech made by a deputy district attorney for the Los Angeles County District

23   Attorney's Office. The deputy district attorney drafted a memo explaining his concerns regarding

24   perceived inaccuracies in an affidavit and recommended the case be dismissed. The deputy

25   district attorney claimed that as a result of this memo he was subjected to a series of retaliatory

26   employment actions and filed a Section 1983 claim in the District Court for the Central District of

27   California.

28

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The Central District granted the County's motion for summary judgment, finding that the memo did not constitute speech protected by the First Amendment. The Ninth Circuit reversed, concluding that the allegations of wrongdoing in the memorandum constituted protected speech under the First Amendment because it involved matters of public concern. The United States Supreme Court reversed the Ninth Circuit, holding that <u>when the speech in question owes its existence to a public employee's professional responsibilities, that speech is not made as a citizen and therefore not protected under the First Amendment</u>. *Id.* at 1960.

Here, Plaintiff alleges:

> County's failure to indemnify Plaintiff was in retaliation for Plaintiff's reporting of Defendant De La Cruz's alleged criminal wrongdoing to the Federal Bureau of Investigation and the California Attorney General's Office, as well as forwarding workplace harassment complaints against Defendant De La Cruz to the County human resources department in accordance with County anti-discrimination policies and Title VII of the Civil Rights Act of 1964. [6:4-9 of Plaintiff's Complaint.]

Plaintiff was the District Attorney for the County of San Benito. As District Attorney, Plaintiff had a professional responsibility to uphold, enforce, and comply with Federal, State, and local laws. He was not only elected to the highest ranking County seat in law enforcement, but was also an officer of the courts, requiring him to report and prosecute potentially illegal activity. In most cases involving a violation of the First Amendment rights, the speech or activity in question is political in nature, and unrelated to the plaintiff's job responsibilities. Here, Plaintiff alleges he reported illegal activity through the proper channels of law enforcement in accordance with County procedures and the law. As the publicly elected District Attorney for the County of San Benito, that is exactly what he was elected to do. Like the deputy district attorney in *Garcetti*, Plaintiff's speech owed its existence to his professional responsibilities. Therefore, Plaintiff's speech is not protected by the First Amendment and cannot form the basis for a Section 1983 claim.

**D.    Plaintiff Does Not Allege a Constitutional Right to Privacy Protected by the Constitution**

Plaintiff's Opposition provides a somewhat quizzical discussion regarding the enforceability of confidentiality provisions in contracts. The County's Motion to Dismiss did not

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    dispute the validity or enforceability of the confidential nature of the settlement agreement at

2    issue. Plaintiff fails to address the County's actual argument that Plaintiff does not allege a

3    violation of a *constitutional* right to privacy upon which his Section 1983 claim is based.

4    In fact, Plaintiff confirms that his alleged right to privacy arises, if at all, from the

5    settlement agreement, a breach of which gives rise to a common law cause of action for breach of

6    contract. [See generally, Section B of Plaintiff's Opposition and specifically page 11, lines 4-7.]

7    Therefore, the nature of Plaintiff's right to privacy is a proper basis for Rule 12(b)(6) motion, as it

8    supports the conclusion that Plaintiff has not alleged a violation of a constitutional right.

9    **E.    Plaintiff Does Not Dispute that Defamation Can Not Form the Basis of a Section 1983 Claim**

10

11    Plaintiff concedes that defamation is not a proper basis for an action brought under 42

U.S.C. §1983. [See Section C of Plaintiff's Opposition.] Plaintiff apparently rests on his other

12    arguments. To the extent such arguments were in fact made, they have been address in the

13    County's Motion to Dismiss and Reply. As discussed therein, Plaintiff has not alleged any

14    violation of a constitutional right that would otherwise form the basis of a Section 1983 claim.

15

16    **F.    The County's Management of Public Funds Does Not Support a Claim Arising Under 42 U.S.C. §1983**

17    Plaintiff argues that *Rabkin v. Dean, supra,* 856 F.Supp. 543, supports the conclusion that

18    Plaintiff's First Amendment rights were violated by the County's management of public funds

19    pursuant to California Government Code §§25303, 25252. These provisions were quoted in full

20    in the County's Motion to Dismiss and generally provide that the County owes a statutory duty to

21    the public to supervise the official conduct of all county officers insofar as it relates to the

22    safekeeping, management, or disbursement of public funds, and establish or abolish those funds

23    as the public interest requires.

24    Plaintiff's reliance on *Rabkin* is misplaced. *Rabkin* has some superficial similarities to

25    this case. However, the facts of *Rabkin* and this case are fundamentally different. Like this case,

26    *Rabkin* involved a publicly elected city official (city auditor) who brought suit against the City of

27    Berkeley and some of the Berkeley City Councilmembers alleging violation of her First

28    Amendment right to free speech under U.S.C. §1983. The city auditor alleged that the city

- 7 -                                                    Case No. C-07-2528 JF

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    councilmembers denied her salary increases to punish her for her political associations and

2    activities.

3    Unlike this case, the speech in question did not arise from the city auditor's professional

4    responsibilities. Rather, it was political speech and activities undertaken in her capacity as a

5    private citizen. Here, the speech in question arose from Plaintiff's professional responsibilities as

6    the San Benito County District Attorney. As discussed above, this is not speech that is afforded

7    protection under the First Amendment or provides the basis for a Section 1983 claim.

8    Also unlike this case, the alleged injury in *Rabkin* arose from a denial of a valuable public

9    benefit (i.e., salary). Similar to the cases discussed above, wherein a public employee or

10    contractor was denied a contract for rehire, the denial of salary increases constituted a denial of a

11    valuable public benefit (i.e., the ability to earn a livelihood). Here, Plaintiff's alleged injury is a

12    breach of contract based on the disclosure of confidential information and/or failure to indemnify

13    Plaintiff under the terms of the contract. As discussed above, this cannot form the basis for a

14    Section 1983 claim.

15    Moreover, any violation of California Government Code §§25303, 25252 does not equate

16    to a violation of Plaintiff's constitutional rights. Even assuming the County placed "illegal

17    financial and other controls on the District Attorney's Office," this does not give a district

18    attorney a right to sue in federal court for violation of his personal constitutional or federal rights.

19    In fact, it does not personally effect Plaintiff at all. Unlike the plaintiff in *Rabkin*, whose personal

20    rights were affected through a reduction of her salary, Plaintiff is simply alleging the Office of the

21    District Attorney was effected, which is not a personal right of the Plaintiff, let alone a right

22    protected by the United States Constitution.

23    Budgetary oversight and restraint is inherent in the operation of our governmental

24    agencies. The executive branch of the government does not have a constitutional right to be free

25    from financial restrictions placed on it by the legislative branch of the government. However,

26    Plaintiff's argument goes one step further, not only contending that a public office has a

27    constitutional right to be free from financial restraints, but also that individuals who work at the

28    public office have a personal constitutional right to be free from budgetary restraints placed on

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1   the public office, even though it does not personally effect them at all.

2       To create a constitutional claim for an individual arising from budgetary restraints on a

3   public office in which that individual works, would establish an unwieldy precedent that would

4   effectively prop the doors of the federal court system wide open.   Any person holding a

5   government position would have a right to sue in federal court for violations of a personal right

6   even though the violation in question only effected the public agency, and not the individual

7   personally.   Finally, any financial restraints placed on the District Attorney's Office is moot.

8   Plaintiff is no longer the District Attorney of San Benito County.

9   **G.    Even if a "Baseless" Complaint was Filed Against Plaintiff, This Does not**
        **Amount to a Violation of a Constitutional Right**

10      Plaintiff argues that filing of a complaint against him infringed upon his constitutional

11  rights.  Of course, this conclusory statement is not supported by a single citation to precedential

12  authority.   Rather, Plaintiff again refers to *Rabkin v. Dean, supra*, 856 F.Supp. 543, stating

13  "[f]reedom of expression under the First Amendment may not be infringed by the denial of or

14  placing conditions upon a benefit or privilege." [16:11-12 of Plaintiff's Opposition, citing

15  *Rabkin v. Dean, supra*, 856 F.Supp. at 548.]  As discussed in detail above, Plaintiff's argument

16  fails for two fundamental reasons:  (1) Plaintiff does not allege a violation of a constitutionally

17  protected right; and (2) Plaintiff does not allege he was deprived of a public benefit or privilege.

18      Without more, Plaintiff is simply alleging a cause of action for breach of contract or

19  defamation, each of which do not raise a federal question and must be brought, if at all, in state

20  court.  Thus, the *Rabkin* case supports the conclusion that Plaintiff's cause of action for violation

21  of 42 U.S.C. §1983 should be dismissed with prejudice since Plaintiff has not, and cannot, allege

22  facts to support such a claim.

23  **II.    THE INDIVIDUAL BOARD MEMBERS SHOULD BE PROPERLY DISMISSED**
        **FROM THIS SUIT**

24

25      There has long been recognized an absolute legislative immunity exception to claims

26  arising under Section 1983.  *Carlos v. Santos* (1997) 123 F.3d 61, 66.  Courts have determined

27  that the absolute legislative immunity under Section 1983 applies to local legislatures. *Id.*

28      The first step in assessing immunity is to determine whether plaintiff has adequately

- 9 -    Case No. C-07-2528 JF

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    alleged a violation of any constitutional right. *Siegert v. Gilley* (1991) 500 U.S. 226, holding that

2    the issue of immunity does not arise because plaintiff's claim is essentially one for defamation,

3    which is not a deprivation of a constitutional right. Here, Plaintiff has not alleged a deprivation of

4    a constitutional right.

5    Even so, the actions complained of involving the individual board members arise from

6    their legislative activities, which included supervising budgetary matters of county officials and

7    holding public hearings on matters of county interests. *Bogan v. Scott-Harris* (1998) 523 U.S. 44,

8    49, 55-56, finding defendant entitled to legislative immunity for discretionary policy making

9    decision implicating budgetary priorities of the city and the services the city provides to its

10   constituents.

11   Moreover, any negative comments or criticisms they may have made about Plaintiff are

12   absolutely privileged by the First Amendment and under Civil Code §47 because they occurred

13   during a legislative proceeding and through the discharge of their official duties. Therefore, the

14   individual board members should be dismissed from this litigation.

### III.    PLAINTIFF DOES NOT ALLEGE AN INJURY AS A RESULT OF AN EXECUTION OF THE COUNTY'S POLICY OR CUSTOM

16

17   Plaintiff argues that even if the individual board members should be dismissed pursuant to

     absolute legislative immunity, that the County is still liable for their acts under 42 U.S.C. §1983.

18   [Section F of Plaintiff's Opposition.] Plaintiff cites *Rabkin v. Dean, supra*, 856 F.Supp. 543,

19   which relies on the United States Supreme Court case of *Monell v. Dept. of Social Serv. Of the*

20   *City of New York* (1978) 436 U.S. 658. After discussing the history of 42 U.S.C. §1983, the

21   Monell, court held that:

22       [T]he language of § 1983, read against the background of the same legislative
         history, compels the conclusion that Congress did not intend municipalities to be
23       held liable **unless action pursuant to official municipal policy** of some nature
         caused a constitutional tort. In particular, we conclude that a municipality cannot
24       be held liable solely because it employs a tortfeasor -- or, in other words, a
         municipality cannot be held liable under § 1983 on a respondeat superior theory.
25       *Id.* at 691.

26   Thus, the United States Supreme Court defined under what circumstances the government

27   can be held liable for the tortious acts of its employees. Pursuant to Monell, "a local government

28

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1    may not be sued under § 1983 for an injury inflicted solely by its employees or agents" unless the

2    injury was a result of the "government's policy or custom." *Id.* at 696.

3    　　　Plaintiff does not allege that his "injuries" were the result of the County's policies or

4    customs. Therefore, his Complaint fails to state a cause of action for violation of Secton 1983

5    against the County.

6    **IV.    PLAINTIFF PUT THE INDEMNITY PROVISION AT ISSUE BY MAKING IT
        THE BASIS OF A SECTION 1983 CLAIM**

7    　　　The entire focus of Plaintiff's Complaint involves his attempt to create a Section 1983

8    claim from the alleged breach of the settlement agreement. Plaintiff can not now hide behind his

9    misrepresentations of the contractual language by deliberately omitting the document upon which

10   the claim is based in order to survive this Rule 12(b)(6) Motion. *Swartz v. KPMG LLP* (9th Cir.,

11   2007) 476 F.3d 756. Plaintiff's Section 1983 claim is based in large part on his allegation that the

12   County refused to reimburse him for attorney's fees under the indemnity provision in the

13   settlement agreement. Plaintiff further alleges he incurred these fees because "litigation was

14   brought against County although Plaintiff appeared as Amicus" [5:8-9 of Plaintiff's Complaint]

15   and the County breached the agreement, by "failing to indemnify Plaintiff as required." [5:25-26

16   of Plaintiff's Complaint.]

17   　　　Therefore, Plaintiff put the indemnity provision at issue and the court may properly

18   review it to determine whether Plaintiff has stated a claim upon which relief can be granted.

19   **V.    PLAINTIFF DOES NOT ALLEGE A CAUSE OF ACTION FOR TORTIOUS
        INTERFERENCE WITH CONTRACT**

20

21   　　　Plaintiff is the proverbial kid who wants his cake and wants to eat it too. Plaintiff claims

22   the County both breached the contract and interfered with the contract. These are two distinct

23   causes of action that arise under completely different facts. A breach occurs between parties to a

24   contract (e.g., what has been alleged in the Plaintiff's Complaint.) As discussed by the California

25   Supreme Court, tortious interference of contract arises where a **stranger** to a contract

26   intentionally interferes with the performance of the contract. *Reeves v. Hanlon* (2004) 33 Cal.4th

27   1140, 1148. That is not the facts alleged by Plaintiff in this case. Plaintiff alleges that the County

28   breached the settlement agreement in which both the County and Plaintiff were parties. This is

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1   commonly known as breach of contract. The cases Plaintiff's cites support this conclusion.

2   Thus, Plaintiff has failed to allege a cause of action for tortious interference with contract

3   and based on the facts already alleged, is unable to do so. Even so, this is a state law claim that

4   has no reason being entertained in federal court. As such, Plaintiff's cause of action for

5   intentional interference with contract should be dismissed with prejudice.

6   ## VI.    PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS A WASTE OF THIS COURT'S RESOURCES

7   It is incredulous that a district attorney elected by popular vote to a public office is now

8   suing the county in which he held office for intentional infliction of emotional distress stemming

9   from criticism of his actions while in public office. The five examples listed in Plaintiff's

10  Opposition are not extreme and outrageous conduct as a matter of law because they do not exceed

11  all possible bounds of that usually tolerated in a decent and civilized community and is of a nature

12  that is especially calculated to cause, and does cause, mental illness. *Potter v. Firestone Tire and*

13  *Rubber Co.* (1993) 6 Cal.4th 965, 1001.

14  To the contrary, a breach of contract, no matter how egregious, does not rise to the level

15  of extreme and outrageous conduct. Rather, contracts are breached every day and as Plaintiff

16  well knows, there is an entire body of law surrounding breach of contracts, none of which

17  supports a claim for intentional infliction of emotional distress. Nor does public criticism of a

18  publicly elected official rise to the level of extreme and outrageous conduct. If this were so, there

19  would not be enough money in the world to compensate President George W. Bush and Vice

20  President Dick Cheney for the injuries they have suffered at the harsh words of the political

21  pundits. The filing of a complaint with a government agency does not constitute extreme and

22  outrageous conduct, since numerous complaints are filed every day, some with and some without

23  merit. There is absolutely no law to support the conclusion that filing a complaint against another

24  constitutes extreme and outrageous conduct. Finally, holding public hearings, even disciplinary

25  in nature, does not rise to the level of extreme and outrageous conduct. In fact, the County is

26  required to hold public hearings pursuant to California Government Code §§25080, 54950, and

27  54953(a), which were discussed in detail in the County's Motion to Dismiss. Public hearings are

28

- 12 -

Case No. C-07-2528 JF

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

the lifeblood of local government, and necessary for public participation and oversight of their elected officials. To find otherwise would be to chill the public's First Amendment right to free speech.

As such, the conduct complained of is not extreme or outrageous, is protected by the absolute privilege, and emotional distress damages are not available for breach of contract. In reviewing Plaintiff's Complaint, it is hard to image that there are any additional facts that could be alleged which would support this cause of action. Therefore, Plaintiff's cause of action for intentional infliction of emotional distress should be dismissed with prejudice.

## VII.    PLAINTIFF DOES NOT OPPOSE CERTAIN ASPECTS OF DEFENDANTS' MOTION TO DISMISS

Significantly, Plaintiff does not oppose the County's Rule 12(b)(6) Motion to Dismiss Plaintiff's:

- Fourth Cause of Action for Violation of California Labor Code Section 1102.5;
- Fifth Cause of Action for Violation of California Labor Code Section 203; and
- Seventh Cause of Action for Negligent Infliction of Emotional Distress.

As such, Plaintiff's Fourth, Fifth, and Seventh causes of action should be dismissed with prejudice. Plaintiff also does not oppose the County's Rule 8(a) Motion to Dismiss for failure to make a short and plain statement of Plaintiff's claim. As such, Plaintiff's entire Complaint should be dismissed under Rule 8(a).

Finally, Plaintiff does not oppose the County's request that this Court should abstain from hearing this matter, as the allegations clearly involve a political controversy between members of the executive and legislative branches of government. *Burford v. Sun Oil Co.* (1943) 319 U.S. 315. Therefore, this Court should use its discretionary powers to dismiss Plaintiff's Complaint under the abstention doctrine.

## VIII.    CONCLUSION

Based on the foregoing reasons and authorities, the County respectfully requests this Court grant its Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint based on the following:

1.    The First Cause of Action for Violation of 42 U.S.C. §1983 fails to allege a

- 13 -

Case No. C-07-2528 JF

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1   violation of a constitutionally protected right;

2       2.      The Second Cause of Action for Breach of Contract fails because as a matter of

3   law Plaintiff can not establish his right to indemnity;

4       3.      The Third Cause of Action for Tortious Interference with Contract fails to allege

5   any facts to support this cause of action;

6       4.      The Fourth Cause of Action for Violation of California Labor Code §1102.5

7   because Plaintiff was not an "employee" within the meaning of the statute [UNOPPOSED];

8       5.      The Fifth Cause of Action for Violation of California Labor Code §203 because

9   among other reasons, the $14,000 in allegedly incurred attorney fees does not constitute "wages"

10  or "labor" as defined by the statute [UNOPPOSED];

11      6.      The Sixth Cause of Action for Intentional Infliction of Emotional Distress fails

12  because the conduct complained of is not outrageous, is protected by the absolute privilege, and

13  emotional distress damages are not available for breach of contract.

14      7.      Plaintiff's Seventh Cause of Action for Negligent Infliction of Emotional Distress

15  fails because the County did not owe Plaintiff a duty of care [UNOPPOSED]

16      In addition to the foregoing, all the causes of action directed against the individual board

17  members should be dismissed because they are entitled to absolute legislative immunity.

18  Plaintiff's entire Complaints should be dismissed pursuant to Rule 8(a) for failure to make a short

19  and plain statement of Plaintiff's claim. [UNOPPOSED.] Finally, this court should abstain from

20  hearing what is essentially a politically dispute [UNOPPOSED.]

21      The Motion to Dismiss these causes of action should be granted without leave to amend

22  because as discussed above, Plaintiff has not, and can not, allege sufficient facts to support them.

23

24

25

26

27

28

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1  Dated: October 5, 2007

ROPERS, MAJESKI, KOHN & BENTLEY

3  By: _____
   STEPHAN A. BARBER
4  DANIEL P. MCKINNON
   Attorneys for Defendant
5  COUNTY OF SAN BENITO

*(left margin, vertical)* Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

- 15 -

Case No. C-07-2528 JF

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**