**E-Filed 11/09/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN J. SARSFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN BENITO, JAMIE DE LA CRUZ, in his official capacity, REB MONACO, in his official capacity, ANTHONY BOTELHO, in his official capacity, DON MARCU, in his official capacity, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case Number C 07-2528 JF<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AS TO CLAIMS I, II, III, AND VI AND WITHOUT LEAVE TO AMEND AS TO CLAIMS IV, V, AND VII.<br><br>[re: docket no. 13] |

    Defendants County of San Benito ("the County"), Jamie De La Cruz ("De La Cruz"), Reb Monaco ("Monaco"), Anthony Botelho ("Botelho"), and Don Marcus ("Marcus") (collectively, "Defendants") move to dismiss the complaint of Plaintiff John J. Sarsfield ("Plaintiff") pursuant to Fed. R. Civ. Pro. 12(b)(6). Plaintiff opposes the motion. The Court heard oral argument on October 19, 2007. For the reasons set forth below, the Court will grant the motion with leave to amend as to Counts I, II, III and VI and without leave to amend as to Counts IV, V, and VII of the complaint.

---

    [1] This disposition is not designated for publication and may not be cited.

## I. BACKGROUND

On August 12, 2004, County employees Katie Fancher ("Fancher") and Julie Roybal ("Roybal") filed a complaint against the County and Plaintiff in the San Benito Superior Court, (San Benito Case Number CV-04-00117). Complaint at ¶9. Fancher and Roybal alleged that Plaintiff, as their supervisor, engaged in sexual harassment and gender discrimination against them. In January 2005, the County and Plaintiff entered into a confidential settlement agreement ("the settlement agreement") with Fancher and Roybal. *Id.* at ¶10.

On March 11, 2005, Fancher and Roybal filed a petition for writ of mandate pursuant to the California Public Records Act in the San Benito Superior Court, requesting the release of documents relating to the County's investigation of their sexual harassment complaint (San Benito Superior Court Case Number CU-05-00042). *Id.* at ¶15. The parties to this action were Fancher, Roybal, and the County. *Id.* at ¶17. The County opposed the petition, arguing the requested records were privileged because they were prepared in anticipation of litigation and therefore protected from disclosure. Plaintiff voluntarily filed an *amicus curie* brief through counsel. *Id.* Plaintiff claims to have incurred $14,000 in attorneys' fees in connection with the writ proceedings and he sought to recover these fees from the County under an indemnity provision in the settlement agreement. *Id.* at ¶19. Under this provision:

> The COUNTY agrees to defend and indemnify the District Attorney in the manner and subject to the requirements of the California Government Code concerning any legal claims or causes of action asserted by the parties to this AGREEMENT.

The County refused Plaintiff's request for indemnity. *Id.* at ¶20.

On May 11, 2007, Plaintiff filed the instant federal complaint against the County and the individual Defendants, who are the elected members of the County's Board of Supervisors ("the Board"). Plaintiff alleges that Defendants retaliated against him because while he was District Attorney, he reported to the FBI and Attorney General's Office alleged criminal conduct of one of the individual defendants, De La Cruz. *Id.* at ¶16. Plaintiff also alleges retaliation because he forwarded workplace harassment complaints naming De La Cruz and cooperated in the investigation of those complaints. *Id.* Plaintiff claims that Defendants breached the settlement agreement by publicly discussing in local newspapers matters which Plaintiff, the County, and

Fancher and Roybal had agreed to keep confidential under the settlement agreement. *Id.* at ¶13. Plaintiff alleges that after the confidential information had been disclosed, the County failed to investigate the disclosure and failed to discipline any of the individuals responsible for it. *Id.* at ¶14.

Separately, Plaintiff claims that the County violated the settlement agreement by refusing to reimburse and indemnify him for the legal fees and costs he incurred in defending and enforcing the settlement agreement. *Id.* at ¶19. He alleges that the County's refusal to indemnify him for legal fees and costs also constituted a violation of the terms of his employment with the County. *Id.* at ¶21. Finally, Plaintiff alleges that De La Cruz, Monaco, Botelho, and Marcus, assisted by County employees Susan Thompson and Irma Valencia, subjected Plaintiff to an ultra vires and de-facto public disciplinary hearing and defamed Plaintiff during the hearing by falsely accusing him of professional negligence. *Id.* at ¶22.

As a result of these allegations, Plaintiff alleges seven claims for relief, including claims for: (1) violation of his First Amendment rights to free speech, denial of his right to equal protection under the Fourteenth Amendment and unlawful taking of his property without just compensation in violation of the Fifth and Fourteenth Amendments, all arising from Defendants' retaliatory conduct and asserted pursuant to 42 U.S.C. § 1983; (2) breach of contract; (3) tortious interference with contract; (4) violation of California Labor Code §1102.5 (California whistleblower statute); (5) violation of California Labor Code §203 (failure to pay attorneys' fees due under an employment contract); (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress.

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections,* 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 581 (9th Cir. 1983); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (C.D. Cal. 1995). However, under the "incorporation by reference" doctrine, the Court also may consider documents that are referenced extensively in the complaint and accepted by all parties as authentic, even if they are not physically attached to the complaint. *In re Silicon Graphics, Inc. Securities Litigation*, 183 F.3d 970 (9th Cir. 1999). "Under the 'incorporation by reference' rule of this Circuit, a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

### III. DISCUSSION

**1.    Claim I: 42 U.S.C. §1983**

   a.    Whether Plaintiff has Alleged a Constitutionally Protected Right

Plaintiff's first claim seeks damages pursuant to 42 U.S.C. §1983. Complaint ¶¶ 4-32. Plaintiff alleges that his First Amendment right to free speech, Fourteenth Amendment right to equal protection of the law, and Fifth and Fourteenth Amendments right against unlawful taking of property without just compensation have been violated as a result of his speaking out against members of the Board.  42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

In order to prevail on a claim under §1983, a plaintiff must prove that a person (1) acted under color of state law and (2) committed an act that deprived the plaintiff of some constitutional right. *Redman v. County of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991). Defendants do not contest that they were acting under color of state law. However, they argue that Plaintiff has failed to allege the violation of a cognizable right under federal law.

Plaintiff asserts that "[i]n the first cause of action Plaintiff seeks damages under 42 U.S.C. Section 1983 for Defendant[s'] violation of Plaintiff's rights of free speech under the First

Amendment." Opp. Mem. at 7:8-9. Plaintiff alleges that the County, through the individual defendants, retaliated against him for reporting the alleged criminal wrongdoing of one of the board members to the California Attorney General's Office, the Federal Bureau of Investigations, and the County's human resources department. The alleged acts of retaliation include: (1) breaching the confidential settlement agreement by disclosing its details; (2) breaching the confidential settlement agreement by refusing to indemnify Plaintiff for his attorneys' fees; (3) defaming Plaintiff during a public hearing; (4) placing inappropriate financial restrictions on the District Attorney's Office; and (5) filing a baseless complaint against Plaintiff with Attorney General's Office. Complaint at ¶¶ 16, 20, 23, 26.

In *Perry v. Sindermann,* 408 U.S. at 594-595, Odessa Junior College allegedly refused to rehire the plaintiff as a professor because he publicly criticized the college's Board of Regents in a newspaper advertisement and by testifying on several occasions before the Texas Legislature. *Id.* The court held that the government may not deny a valuable public benefit to a person because of his exercise of constitutionally protected speech or associations. Similarly, in *Progressive Transp. Services v. County of Essex*, 999 F.Supp at 702-703, Essex County refused to rehire an independent contractor to transport handicapped children to and from school programs because of the plaintiff's exercise of First Amendment rights.

Defendants argue that unlike his counterparts in *Perry* and *Progressive*, Plaintiff has not been denied "a valuable public benefit," since the retaliation he alleges is a breach of the settlement agreement, not the loss of his government job. Reply Mem. at 2:20-26. However, even though here Plaintiff does not allege that he lost his job, he arguably was denied "a valuable benefit" in that, as a result of his exercising his First Amendment rights, he allegedly lost his the protections of the settlement agreement and spent $14,000 defending a lawsuit that allegedly stemmed from Defendants' retaliatory conduct.

b.    Whether Plaintiff's Speech Qualifies as Constitutionally Protected Speech

Defendants assert for the first time in their reply memorandum that Plaintiff's claim under the First Amendment is insufficient because Plaintiff did not engage in protected speech. In *Garcetti v. Ceballos*, 126 S.Ct. 1951 (2006), a calendar deputy in the Los Angeles County District

5

Attorney's office, brought an action for retaliation against his superiors.  The plaintiff alleged that the retaliation occurred as a result of his having written an internal memorandum recommending dismissal of an ongoing prosecution. *Id.* at 1956.  In holding that the memorandum was not protected First Amendment speech, the court held that "[t]he controlling factor in Ceballos' case" was that Ceballos had not spoken as a citizen in writing the memo. *Id.*  Rather, "his expressions were made pursuant to his duties as a calendar deputy." *Id.* at 1959-60.

However, the court also noted that a public employee's speech is protected if the employee speaks "as a citizen on a matter of public concern." *Id.* at 1958.  "An employee's speech addresses public concern when it can be 'fairly considered as relating to any matter of political, social, or other concern to the community.'" *Wilcoxon v. Red Clay Consolidated School*, 437 F. Supp. 2d 235, 243 (D.Del. 2006).  "The content of the speech may involve a matter of public concern if it attempts 'to bring to light actual or potential wrongdoing or breach of public trust on the part of government officials.'" *Id*.  Additionally, "[t]he Supreme Court's narrow 'hold[ing] that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes,' *Garcetti*, 126 S.Ct. at 1960, should not be read to overrule all First Amendment whistleblower protection cases by generally categorizing whistleblowing as part of employees' employment obligations." *Walters v. County of Maricopa,* 2006 WL 2456173, *14, (D.Ariz. August 22, 2006).

Here, Plaintiff alleges that:

"County's failure to indemnify Plaintiff was in retaliation for Plaintiff's reporting of Defendant De La Cruz's alleged criminal wrongdoing to the Federal Bureau of Investigation and the California Attorney General's Office, as well as forwarding workplace harassment complaints against Defendant De La Cruz to the County human resources department in accordance with County anti-discrimination policies and Title VII of the Civil Rights Act of 1964."

Complaint at ¶6.  Plaintiff states that he *"was at all times relevant to this matter* the District Attorney for the County of San Benito . . ." Complaint at ¶6 (emphasis added).  Plaintiff claims that the retaliatory action occurred as a direct result of his reporting, *while he served as District Attorney for the County of San Benito*, "allegations of illegal and wrongful conduct to both federal law enforcement authorities, and the county human resources department, *as required by and in*

*compliance with* federal and state law, as well as the County's own anti-harassment policies." Complaint at ¶29 (emphasis added). Thus, Plaintiff himself acknowledges that he reported the misconduct as he was *required* to do in his capacity as District Attorney. However, at oral argument, Plaintiff asserted that while reporting alleged criminal conduct *may* have been part of Plaintiff's job description, reporting the personnel matters was not, and that at least the latter was a matter of public concern and thus protected speech.

This issue cannot be resolved easily at the pleading stage because *Garcetti* provides little concrete guidance as to what does and does not constitute an employee's official duties. Both *Garcetti* and subsequent cases relying upon *Garcetti* were decided on summary judgment. In *Garcetti* itself, the Supreme Court noted that "[t]he controlling factor in Ceballos' case is that his expressions were made pursuant to his duties as a calendar deputy. That consideration—the fact that Ceballos spoke as a prosecutor fulfilling a responsibility to advise his supervisor about how best to proceed with a pending case—distinguishes Ceballos' case from those in which the First Amendment provides protection against discipline." *Garcetti*, 126 S.Ct. at 1959-60. As currently drafted, Plaintiff's complaint does not allege sufficient facts to show that Plaintiff's speech concerned matters outside the scope of his job responsibilities; it is unclear, however, whether Plaintiff could cure the pleading defect if given the opportunity to allege additional facts. Accordingly, the §1983 claim will be dismissed with leave to amend.

2. **Claims II-VII**

Plaintiff does not oppose Defendants' motion to dismiss his fifth claim for violation of California Labor Code § 203 and his seventh claim for negligent infliction of emotional distress. Accordingly, those claims will be dismissed without leave to amend.

Plaintiff asserts a third claim for tortious interference with his rights under the settlement agreement. Defendants argue, citing *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1148 (2004), that "tortious interference of contract arises where a *stranger* to a contract intentionally interferes with the performance of a contract." Plaintiff responds in his opposition that the individual Defendants were not named parties to the contract and that it is their conduct that supports this claim. However, the facts as currently alleged in Plaintiff's complaint do not make this clear.

1  Accordingly, Claim III will be dismissed with leave to amend.

2    Defendants argue Plaintiff's fourth claim, based upon California Labor Code § 1102.5, fails because Plaintiff was not a county employee within the meaning of the statute. Plaintiff has agreed to withdraw this claim in light of Defendants' assurance that they will not claim immunity on the basis that Plaintiff was a county employee. Accordingly, Count IV will be dismissed without prejudice.

   The remainder of Plaintiff's claims (Claim II for breach of contract and Claim VI for intentional infliction of emotional distress) are based wholly on state law. "Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice." *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996); *see Les Shockley Racing v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989) (holding that when "the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice"). In light of its disposition of the §1983 claim, the Court will defer a decision as to whether to exercise supplemental jurisdiction over the remaining state-law claims and accordingly will dismiss Counts II and VI with leave to amend.

### IV. ORDER

Good cause therefor appearing, Defendants' motion to dismiss is GRANTED with leave to amend as to Claims I, II, III, and VI of the complaint and without leave to amend as to Claims IV, V, and VII. Any amended complaint shall be filed within twenty (20) days of the date of this order.

IT IS SO ORDERED.

DATED: November 09, 2007

_____
JEREMY FOGEL
United States District Judge

Case No. C 07-2528 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND ETC.
(JFLC3)

1 This Order has been served upon the following persons:

3 Terence O'Connell Mayo

4 terryomayo@aol.com

6 Daniel Paul McKinnon

7 dmckinnon@rmkb.com

9
Case No. C 07-2528 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND ETC.
(JFLC3)