1   STEPHAN A. BARBER (SBN 70070)
    DANIEL P. MCKINNON (SBN 234749)
2   ROPERS, MAJESKI, KOHN & BENTLEY
    80 North First Street
3   San Jose, CA 95113
    Telephone:    (408) 287-6262
4   Facsimile:    (408) 918-4501
    Email:        sbarber@ropers.com
5   Email:        dmckinnon@ropers.com

6   Attorneys for Defendant
    COUNTY OF SAN BENITO

7

8                  IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA
                        SAN JOSE DIVISION

10

11                                          CASE NO.  C-07-2528 JF

12  JOHN J. SARSFIELD
                                            REPLY TO PLAINTIFF'S OPPOSITION
                                            TO DEFENDANTS' MOTION TO DISMISS
13              Plaintiff,                   FIRST AMENDED COMPLAINT FOR
                                            FAILURE TO STATE A CLAIM UPON
14       v.                                 WHICH RELIEF CAN BE GRANTED
                                            [FRCP 12(b)(6)]; FAILURE TO PROVIDE
15  COUNTY OF SAN BENITO, JAIME DE           A BRIEF STATEMENT OF THE CLAIM
    LA CRUZ, in his official capacity, REB   [FRCP 8(a)]; OR ALTERNATIVELY,
16  MONACO, in his official capacity,        MOTION FOR MORE DEFINITE
    ANTHONY BOTELHO, in his official         STATEMENT [FRCP 12(e)]
17  capacity, DON MARCUS, in his official
    capacity, and DOES 1 through 10,
18  inclusive,
                                            Date:       March 7, 2008
19              Defendants.                  Time:       9:00 a.m.
                                            Courtroom: 3
20                                          Judge:      Hon. Jeremy Fogel

21

22

23

24

25

26

27

28
                                                       Case No. C-07-2528 JF



Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

I.    **THE ALLEGED SPEECH DOES NOT QUALIFY AS CONSTITUTIONALLY PROTECTED SPEECH**

    A.    **As the District Attorney for the County of San Benito, Plaintiff Had A Responsibility To Report Workplace Harassment Complaints of His Own Employees to the HR Department**

Plaintiff opposes this 12(b)(6) Motion by again relying on the same conclusory allegations made in the First Amended Complaint ("FAC") that he "had no duty as a state law enforcement official (district attorney) to investigate, report or enforce violations of federal criminal or civil law." He claims these actions were taken not in his capacity as the publicly elected District Attorney for the County of San Benito, but rather, as a "private citizen" simply commenting on matters of public concern. This assertion conveniently overlooks Plaintiff's own allegations that:

- At all relevant times he was the District Attorney for the County of San Benito [¶6 of FAC];

- The personnel workplace harassment complaints were brought by district attorney employees [¶6 of FAC]; and

- He reported criminal wrongdoing as he was required to do in his capacity as District Attorney [¶26 of FAC].

Moreover, as discussed by *Garcetti v. Ceballos* (2005) 126 S.Ct. 1951, the proper inquiry into whether the speech at issue was made pursuant to his professional responsibilities as the District Attorney "is a practical one." *Id.* at 1961-1962. It would be impractical to accept Plaintiff's unsupported legal conclusion that when his own staff members came to him as their superior with harassment complaints related to their employment in his office, his reporting of those workplace harassment complaints to the human recourses department was outside his responsibilities as the department head of the District Attorney's office. Despite Plaintiff's arguments to the contrary, as a practical matter, this can not be characterized as speech made in his capacity as a private citizen, but rather, as speech made in his capacity as the District Attorney for the County of San Benito.

    B.    **Plaintiff's "Reporting" of Alleged Criminal Wrongdoing Was Done In His Capacity as District Attorney**

As the publicly elected District Attorney, Plaintiff did not have a written job description

-1-

Case No. C-07-2528 JF

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  that details each and every conceivable task that falls within the scope of his official

2  responsibilities. However, Plaintiff was the highest ranking criminal law enforcement official in

3  the County of San Benito and pursuant to Government Code Section 26500, Plaintiff's official

4  responsibilities broadly included all matters that facilitated the prosecution of public offenses.

5  This provision does not limit his responsibilities, but rather imposes wide discretion on the

6  District Attorney to "initiate and conduct on behalf of the people all prosecutions for public

7  offenses." [Ibid.]

8      As discussed above, *Garcetti* instructs courts to use common sense in assessing whether

9  certain speech was made pursuant to the plaintiff's official responsibilities because "listing of a

10  given task in an employee's written job description is neither necessary nor sufficient to

11  demonstrate that conducting the task is with in the scope of the employee's professional duties for

12  First Amendment purposes." *Id.* at 1961-1962.

13      Plaintiff alleges that the County retaliated against him for "reporting of Defendant De La

14  Cruz's alleged criminal wrongdoing to the Federal Bureau of Investigation and the California

15  Attorney General's Office." [¶¶16, 21, and 24.] However, Plaintiff argues that although he was

16  the highest ranking criminal law enforcement official in the County of San Benito, it was

17  completely outside his job responsibilities to report "criminal misconduct of high ranking local

18  government officials." [¶6 of FAC.] Plaintiff's contentions with regards to his responsibilities

19  would have a dire impact on the welfare of the people he was elected to protect and serve. Under

20  Plaintiff's analysis, he could simply turn a blind eye to the criminal misconduct of high ranking

21  local government officials simply because those violations potentially involve violations of

22  federal law. This is an absurd argument.

23      For example, what if Plaintiff had information that a person had kidnapped another person

24  in a different state, taken the victim across state lines, and was now hiding out in the County of

25  San Benito. Although this crime is a violation of federal law (e.g., the MANN Act), as the

26  District Attorney for the County of San Benito, Plaintiff's official responsibilities would include

27  initiating the prosecution of the criminal offense by *at very least* reporting the criminal

28  misconduct to the appropriate federal authorities. The report could not be construed as performed

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1   in the capacity as a private citizen, but rather, in his capacity as the District Attorney who has

2   broad responsibilities to "initiate" prosecutions of public offenses.  Plaintiff would have the same

3   official responsibility if, as alleged, he had information that a high ranking government official

4   within Plaintiff's own county was responsible for a public offense through his criminal actions.

5        Moreover, Government Code Section 12550 provides that the District Attorney reports to

6   the Attorney General, who has direct supervision over the district attorneys and may take full

7   charge over any investigation or prosecution of violations of law of which the superior court has

8   jurisdiction.

9        Certainly a "criminal wrongdoing" is a "public offense" and reporting it falls squarely

10  within Plaintiff's responsibilities as the District Attorney.  Using the "practical" assessment

11  standard set forth in *Garcetti*, Plaintiff's alleged reporting of criminal violations of the law by

12  high ranking government officials to his superiors and other law enforcement agencies was done

13  pursuant to his official responsibilities as the District Attorney, not as a mere private citizen

14  speaking on matters of public concern unrelated to his professional duties.

C.   **Plaintiff's Administrative Claim Supports the Conclusion that the Alleged Speech Was Done in His Capacity as District Attorney**

16  The allegations in Plaintiff's administrative claim do in fact contradict the allegations in

17  the FAC.  Paragraph 16 of the FAC and paragraph 8 of the Administrative Claim are almost

18  identical.  The FAC alleges that contemporaneously to and following the filing of the

19  Francher/Roybal II matter (to allegedly overturn the confidentiality provisions of the settlement

20  agreement) defendant De La Cruz "began publicly discussing, publishing, and assisting to be

21  published, details of the confidential settlement agreement...." [¶16 of the FAC.] The

22  Administrative Claim alleges this was done to retaliate against claimant for "criminally

23  prosecuting De La Cruz in an election/political case." [¶8 of the Administrative Claim attached as

24  *Exhibit A* to Request for Judicial Notice in Support of Motion to Dismiss.]  On the other hand,

25  the FAC alleges this was done to retaliate against Plaintiff for Plaintiff's "reporting" to the

26  Federal Bureau of Investigation and the California Attorney General's Office the alleged criminal

27  wrongdoing by Defendant De La Cruz and others.  These allegations flatly contradict each other

28

-3-                                    Case No. C-07-2528 JF

and suggest the allegations in the FAC (at least with regards to ¶16) were contrived to create a federal claim under Section 1983 and should be stricken. *Bradley v. Chiron Corp.* (1998) 136 F.3d 1317, 1324.

Whether Plaintiff's speech was made in his capacity as the District Attorney for the County of San Benito or as a private citizen is a question of law to be decided by the court. *Connick v. Myers* (1983) 461 U.S. 138, 148 n.7. Based on the foregoing, Plaintiff's Section 1983 cause of action should be dismissed because it would be impractical and nonsensical to characterize the alleged speech as being made in any other capacity than as the District Attorney.

## II. THERE IS A DISTINCTION BETWEEN BEING DENIED A "VALUABLE BENEFIT" AND A "VALUABLE *PUBLIC* BENEFIT"

There is a fundamental distinction between the denial of a valuable *private* benefit and the denial of a valuable *public* benefit for the purposes of Section 1983. The denial of a valuable public benefit involves the exclusion of one person from a benefit that is potentially available to all other members of the public. Clearly, singling out one person from the public and excluding that person from a benefit that is available to all other members of the public involves a discriminatory act on the part of the public agency. In contrast, the denial of a private benefit involves the exclusion of one person from a benefit that is only available to that one person. There is no discriminatory aspect to a claim for denial of a private benefit because the only question involved is whether the plaintiff is entitled to that private benefit. This can be resolved using traditional common law tort and contract causes of action.

A cause of action for violation of Section 1983 necessarily involves the denial of a valuable public benefit. Otherwise, every single interaction between the private sector and the public sector that creates some private right would give rise to a Section 1983 claim. Plaintiff alleges that the County breached a settlement agreement by disclosing confidential information and failing to reimburse him for attorney's fees. Under Plaintiff's analysis, the breach of any contract between the private sector and the public sector could constitute a Section 1983 claim because the breach could be characterized as a denial of a valuable public benefit. This would effectively turn every garden variety breach of contract claim involving a public agency into a

-4-

Case No. C-07-2528 JF

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

claim for violation of Section 1983, carrying with it enhanced remedies including attorney's fees. This was not the purpose or intent of the Congress in enacting Section 1983 and is not supported by judicial authority.

Plaintiff quotes a passage from *Perry v. Sindermann*, (1972) 408 U.S. 593 in support of his argument that the settlement agreement creates "'property' interests subject to procedural due process protection." *Id.* at 601. While this may arguably be true, it is irrelevant to the issues presented here because Plaintiff does not allege or argue his procedural due process rights were violated. Rather, Plaintiff argues that deprivation of the benefits of the settlement agreement alone creates a cause of action under Section 1983. The *Perry* decision does not support Plaintiff's arguments because it involved the denial of property rights without procedural due process:

> Similarly, the respondent here has yet to show that he has been deprived of an interest that could invoke procedural due process protection. As in *Roth*, the mere showing that he was not rehired in one particular job, without more, did not amount to a showing of a loss of liberty. Nor did it amount to a showing of a loss of property. *Id.* at 599.

*Perry* necessarily supports the conclusion that Plaintiff's alleged denial of a private benefit through the breach of the settlement agreement cannot support a Section 1983 claim under the facts alleged in the FAC because Plaintiff does not claim his procedural due process rights were violated. A claim based on a denial of procedural due process challenges the constitutional adequacy of state law procedural protections accompanying a deprivation of a constitutionally protected interest in life, liberty or property. The Supreme Court confirms that a breach of contract cannot form the basis for a Section 1983 claim because it is not the deprivation itself that is actionable, but only the deprivation without the requisite process:

> We assume, without deciding, that the withholding of money due respondent under its contracts occurred under color of state law, and that, as the Court of Appeals concluded, respondent has a property interest of the kind we considered in *Logan v. Zimmerman Brush Co.* [Citations], in its claim for payment under its contracts. [Citations.] Because we believe that California law affords respondent sufficient opportunity to pursue that claim in state court, we conclude that the California statutory scheme does not deprive G&G of its claim for payment without due process of law. *Lujan v. G&G Sprinklers* (2001) 532 U.S. 189, 195.

After discussing the types of situations where a deprivation of rights could create a constitutional issue, the court goes on to distinguish those cases from a simple breach of contract

-5-                                                    Case No. C-07-2528 JF

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

claim that does not give rise to a constitutional issue:

> In each of these cases, the claimant was denied a right by virtue of which he was presently entitled either to exercise ownership dominion over real or personal property, or to pursue a gainful occupation. Unlike those claimants, respondent has not been denied any present entititlement. **G&G has been deprived of a payment that it contends it is owed under a contract,** based on the State's determination that G&G failed to comply with the contract's terms. **G&G has only a claim that it did comply with those terms and therefore that it is entitled to be paid in full**. Though we assume for purposes of decision here that G&G has a property interest in its claim for payment, see *supra*, at 5-6, **it is an interest, unlike the interests discussed above, that can be fully protected by an ordinary breach-of-contract suit**. [Emphesis added.] *Id.* at 196.

The *Lujan* decision is directly on point because it discusses exactly what Plaintiff is alleging to have occurred: a deprivation of a private benefit created by contract amounting to a breach of that contract. The Supreme Court confirms the distinction between a denial of a valuable private benefit and the denial of a valuable public benefit discussed above. The deprivation of a valuable private benefit is not actionable under Section 1983 because it does not involve depriving one person of a constitutionally protected interest in life, liberty, or property that is available to all members of the public. The Supreme Court has held that even if it is assumed that a contractual right creates a property interest, these are interests "that can be fully protected by an ordinary breach-of-contract suit." *Id.* at 196. Only when the deprivation of a valuable private benefit is coupled with the lack of procedural due process can it give rise to a claim under Section 1983.

Plaintiff does not and cannot allege a lack of procedural due process under the facts of this case because there is ample remedy in state court for his claim that the County breached the settlement agreement by disclosing its confidential details and failing to reimburse him for attorney's fees. Thus, an action arising from the breach of a contractual right does not support a Section 1983 cause of action because the plaintiff has sufficient opportunity to pursue the claim in state court. *Id.* at 195; *see also Progressive Transp. Services v. County of Essex* (1998) 999 F. Supp. 701, 705, dismissing the breach of contract claim because state court provides ample remedy.

Therefore, Plaintiff's First Cause of Action should be dismissed with prejudice.

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

## III.   PUBLIC HEARINGS AND FINANCIAL CONTROLS OVER THE DISTRICT ATTORNEY'S OFFICE

As discussed in detail in the underlying 12(b)(6) Motion, the Board of Supervisors have a statutory right and obligation to supervise the official conduct of the district attorney as it relates to the management of public funds, and such hearings must be held in public. California Government Code §§25303, 25080, 54950, and 54953(a). To provide otherwise would allow government agencies to run without any public oversight or restrictions on the use of public funds. Moreover, as a publicly elected government official, Plaintiff does not have a constitutional right to be protected from public criticism for his actions as District Attorney for the County of San Benito or to have his department receive a certain level of funding.

## IV.   THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED

Plaintiff's Opposition concedes that the individual defendants are entitled to absolute immunity and argues only that the County is not. [20:6-18 of Opposition.] For the purposes of this 12(b)(6) Motion, the County agrees. Since Plaintiff does not oppose dismissing the individual defendants, it is respectfully requested that the court dismiss Jaime De La Cruz, Reb Monaco, Anthony Botelho, and Don Marcus. To the extent Plaintiff is opposing dismissing the individual board members, they should be dismissed because they are not necessary parties and the allegations against them are absolutely privileged under Civil Code section 47, protected by the First Amendment, and/or not actionable.

## V.   PLAINTIFF WAS NOT ENTITLED TO INDEMNITY

It is well settled that contract interpretation is an issue of law properly decided by the court. See e.g., *Kern Oil & Refining Co. v. Tenneco Oil Co.* (1986) 792 F.2d 1380. The problem with Plaintiff's breach of contract claim (aside from the fact it is a state law claim), is that there was no claim brought against Plaintiff that would require the County to defend or indemnify him. The allegations of the FAC make it clear that the claim was brought against the County only. [¶17 of the FAC.] Therefore, there was no claim brought against the Plaintiff. The fact that Plaintiff voluntarily interjected himself into a litigation compels the conclusion that as a matter of law there was no obligation on the part of the County to defend or indemnify Plaintiff. As such, the

-7-

Case No. C-07-2528 JF

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1 | Second Cause of Action should be dismissed with prejudice.

2 | **VI.** **THERE CAN BE NO CLAIM FOR TORTIOUS INTERFERENCE OF CONTRACT UNDER THE FACTS ALLEGED**

The facts alleged by Plaintiff cannot support a cause of action for tortious interference of contract because Plaintiff's own allegations confirm that the individual board members were not strangers to the contract. [¶¶7, 10, and 12 of the FAC.] This was addressed in detail in the underlying 12(b)(6) Motion and supported by judicial authority. Plaintiff's only argument in opposition is that:

> By contrast, in the instant action, Plaintiff is not an employee of Defendant county or of the individual Defendants. As an elected official, Plaintiff does not have an employer. [22:11-14 of Plaintiff's Opposition.]

First, this directly contradicts Plaintiff's allegations that the "County in all aspects is the employer of Plaintiff." [¶7 of the FAC.] Nevertheless, it is irrelevant whether Plaintiff was "employed" by the County. Rather, what is relevant is that Plaintiff alleges "[t]he County exercises its powers through the direction and orders of the Board." [¶7 of the FAC.] Therefore, the individual board members were not strangers to the contract between Plaintiff and the County because the County can only act through the board members.

Since Plaintiff has effectively failed to oppose the motion to dismiss the intentional interference with contract cause of action, the Third Cause of Action must be summarily dismissed with prejudice because it cannot be maintained under the facts alleged.

**VII.** **PLAINTIFF CANNOT MAINTAIN A CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

As discussed, in detail in the underlying 12(b)(6) Motion, it is absolutely impossible for a district attorney elected by popular vote to a public office to maintain a cause of action for intentional infliction of emotional distress based on criticisms of his actions while serving his public office. Each and every one of defendants' alleged actions cannot conceivably, under any circumstances, rise to the level of extreme and outrageous conduct. Therefore the Fourth Cause of Action should be dismissed with prejudice.

**VIII.** **CONCLUSION**

Based on the foregoing reasons and authorities, the County respectfully requests this

-8-    Case No. C-07-2528 JF

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  Court grant its Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint based on

2  the following:

3       1.     The First Cause of Action for Violation of 42 U.S.C. §1983 fails to allege a

4  violation of a constitutionally protected right;

5       2.     The Second Cause of Action for Breach of Contract fails because as a matter of

6  law Plaintiff can not establish his right to indemnity;

7       3.     The Third Cause of Action for Tortious Interference with Contract fails to allege

8  any facts to support this cause of action;

9       4.     The Fourth Cause of Action for Intentional Infliction of Emotional Distress fails

10  because the conduct complained of is not outrageous, is protected by the absolute privilege, and

11  emotional distress damages are not available for breach of contract.

12       In addition to the foregoing, all the causes of action directed against the individual board

13  members should be dismissed because they are entitled to absolute legislative immunity.

14  Plaintiff's entire First Amended Complaint should be dismissed pursuant to Rule 8(a) for failure

15  to make a short and plain statement of Plaintiff's claim.  [UNOPPOSED.]  Finally, this court

16  should abstain from hearing what is essentially a politically dispute. [UNOPPOSED]

17       The Motion to Dismiss these causes of action should be granted without leave to amend

18  because as discussed above, Plaintiff has not, and can not, allege sufficient facts to support them.

19

20  Dated: February 22, 2008               ROPERS, MAJESKI, KOHN & BENTLEY

21

22                                      By: _____

                                       STEPHAN A. BARBER

23                                         DANIEL P. MCKINNON

                                       Attorneys for Defendant

24                                         COUNTY OF SAN BENITO

25

26

27

28

                   Case No. C-07-2528 JF

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**