**E-Filed 03/31/2008**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN J. SARSFIELD,<br><br>              Plaintiff,<br><br>          v.<br><br>COUNTY OF SAN BENITO, JAMIE DE LA CRUZ, in his official capacity, REB MONACO, in his official capacity, ANTHONY BOTELHO, in his official capacity, DON MARCU, in his official capacity, and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case Number C 07-2528 JF<br><br>ORDER[1] DENYING MOTION TO DISMISS AS TO CLAIMS I AND II, GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AS TO CLAIMS III AND IV. |

Defendants County of San Benito ("the County"), Jamie De La Cruz ("De La Cruz"), Reb Monaco ("Monaco"), Anthony Botelho ("Botelho"), and Don Marcus ("Marcus") (collectively, "Defendants") move to dismiss the first amended complaint ("FAC") of Plaintiff John J. Sarsfield ("Plaintiff") pursuant to Fed. R. Civ. Pro. 12(b)(6). Plaintiff opposes the motion. The Court heard oral argument on March 14, 2008. For the reasons set forth below, the motion will be denied as to Claims I and II and granted with leave to amend as to Claims III and IV.

---

[1] This disposition is not designated for publication and may not be cited.

## I. BACKGROUND

On May 11, 2007, Plaintiff filed the instant federal complaint against the County and the individual Defendants, who are the elected members of the County's Board of Supervisors ("the Board"). Plaintiff alleged that Defendants retaliated against him because while he was District Attorney, he reported to the FBI and California Attorney General's Office alleged criminal conduct of one of the individual defendants, De La Cruz. Plaintiff also alleged retaliation because he forwarded workplace harassment complaints naming De La Cruz and cooperated in the investigation of those complaints.

Prior to the alleged retaliation, County employees Katie Fancher ("Fancher") and Julie Roybal ("Roybal") filed a complaint against the County and Plaintiff in the San Benito Superior Court, (San Benito Case Number CV-04-00117). Fancher and Roybal alleged that Plaintiff, as their supervisor, engaged in sexual harassment and gender discrimination against them. In January 2005, the County and Plaintiff entered into a confidential settlement agreement ("the settlement agreement") with Fancher and Roybal

Plaintiff claimed that Defendants breached the settlement agreement by publicly discussing in local newspapers matters which Plaintiff, the County, and Fancher and Roybal had agreed to keep confidential under the settlement agreement. Plaintiff alleged that after the confidential information had been disclosed, the County failed to investigate the disclosure and failed to discipline any of the individuals responsible for it. Plaintiff also claimed that the County violated the settlement agreement by refusing to reimburse and indemnify him for the legal fees and costs he incurred in defending and enforcing the settlement agreement. He alleged that the County's refusal to indemnify him for legal fees and costs also constituted a violation of the terms of his employment with the County. Finally, Plaintiff alleged that individual defendants De La Cruz, Monaco, Botelho, and Marcus, assisted by County employees Susan Thompson and Irma Valencia, subjected Plaintiff to an ultra vires and de-facto public disciplinary hearing and defamed Plaintiff during the hearing by falsely accusing him of professional negligence.

On August 29, 2007, Defendants moved to dismiss Plaintiff's complaint on the ground that it failed to state a claim upon which relief could be granted. On November 9, 2007, after oral

argument, this Court issued an order granting Defendants' motion with leave to amend as to Claims I, II, III, and IV and without leave to amend as to Claims IV, V, and VII. The Court dismissed Plaintiff's claims for violations of California Labor Code §§ 1102.3 and 203, and negligent infliction of emotional distress. The Court granted Plaintiff leave to amend his claims for violations of 42 U.S.C. § 1983 and tortious interference with contract.

The Court deferred a decision on whether to exercise supplemental jurisdiction over Plaintiff's state law claims for breach of contract and intentional infliction of emotional distress. On November 29, 2007, Plaintiff filed the operative FAC, asserting four claims: 1) violation of civil rights under 42 U.S.C. § 1983; 2) breach of contract; 3) tortious interference with contract; and 4) intentional infliction of emotional distress. Plaintiff is seeking $14,000 in attorney's fees pursuant to the settlement agreement, general damages in excess of $1 million, unspecified damages for emotional distress, punitive damages, and statutory attorney's fees.

## II. LEGAL STANDARD

1. **Motion to Dismiss**

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

A complaint may be dismissed as a matter of law pursuant to Rule 12(b)(6) for one of two reasons: (1) Lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

"A complaint should not be dismissed unless it appears beyond doubt the plaintiff can

1  prove no set of facts in support of his claim that would entitle him to relief." *Clegg*, 18 F.3d at
2  754. The court, however, "is not required to accept legal conclusions cast in the form of factual
3  allegations if those conclusions cannot reasonably be drawn from the facts alleged." Id. at
4  754-55. A court's review is limited to the face of the complaint, documents the complaint
5  referenced, and matters of which the court may take judicial notice. *Anderson v. Clow* (*In re Stac
6  Elecs. Sec. Litig.*), 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *Levine v. Diamanthuset, Inc.*, 950
7  F.2d 1478, 1483 (9th Cir. 1991).

8  Motions to dismiss generally are viewed with disfavor under this liberal standard and are
9  granted rarely. See *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Leave to
10 amend must be granted unless it is clear that amendments cannot cure the complaint's
11 deficiencies. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Nevertheless, when
12 amendment would be futile dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d
13 386, 393 (9th Cir. 1996); *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988); *Beezley v.
14 Fremont Indem. Co.*, 804 F.2d 530, 531 (9th Cir. 1986) (per curiam).

15 2.  **Supplemental Jurisdiction**

16 A district court has supplemental jurisdiction over a state law claim if that claim is "so
17 related" to claims over which the district court has original jurisdiction that it forms "part of the
18 same case or controversy." 28 U.S.C. § 1367(a). If a district court has supplemental jurisdiction
19 over a state law claim, it may decline to exercise such jurisdiction if: (1) the claim raises a novel
20 or complex issue of state law; (2) the claim substantially predominates the claims over which the
21 court has original jurisdiction; (3) the court has dismissed all claims over which it has original
22 jurisdiction; or (4) in exceptional circumstances, other compelling reasons exist for declining
23 jurisdiction. 28 U.S.C. § 1367(c). A decision to decline jurisdiction pursuant to one of these
24 factors should take into consideration judicial efficiency, convenience of the parties, fairness, and
25 comity. *ACRI v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

### III. DISCUSSION

1.  **Claim I: 42 U.S.C. §1983**

28 In its order of November 9, 2007, the Court held that Plaintiff arguably was denied "a

4

valuable benefit" in that, as a result of his exercising his First Amendment rights, he allegedly lost the protections of the settlement agreement and spent $14,000 defending a lawsuit that allegedly stemmed from Defendants' retaliatory conduct. The Court will not entertain further argument on this issue.

Accordingly, the only remaining issue with respect to Claim I is whether Plaintiff's reporting on personnel matters was a matter of public concern and thus was constitutionally protected speech. It is clear that Plaintiff's reporting to the FBI and the United States Department of Justice of alleged criminal misconduct by De La Cruz concerned matters within the scope of his responsibilities as District Attorney. However, Plaintiff's reporting to the County's Human Resources Department of workplace harassment complaints against De La Cruz may concern matters outside the scope of Plaintiff's job responsibilities. California Government Code § 26500 defines the District Attorney's duties as the prosecution of "public offenses." Cal. Gov. Code § 26500. There is a factual question as to whether Plaintiff's activities in support of personnel complaints filed by third parties were undertaken in Plaintiff's personal capacity as a private citizen or whether such actions may be characterized as prosecution of "public offenses." Although by statute, District Attorneys "may sponsor, supervise, or participate in any project or program to improve the administration of justice." Cal. Gov. Code § 26500.5, the reporting of personnel matters may be construed as a general duty of every employer and supervisor in the state, irrespective of the specific duties of their particular office. As stated in the Court's previous Order, a proper definition of Plaintiff's official duties will require analysis of both the speech in question and its relation to the scope of the Plaintiff's everyday job responsibilities. Viewed in the light most favorable to the Plaintiff, the allegations in the FAC concerning Plaintiff's job description are sufficient to withstand a Rule 12(b)(6) challenge. Because the remaining claims of the FAC all arise from the same case or controversy as the § 1983 claim, the Court will exercise its supplemental jurisdiction.

2. **Claim II: Breach of Contract**

The issue of whether the indemnity provision of the settlement agreement is broad enough to encompass the attorney's fees incurred by Plaintiff in his efforts to enforce the

5

settlement agreement is another fact-intensive question. The indemnity provision applies to "any legal claims or causes of action asserted by parties to this agreement." The question of whether this provision was intended to apply to Plaintiff's voluntary submission of an amicus brief to prevent disclosure of confidential information protected under the settlement agreement is a factual determination that may not be made at the pleading stage.

### 3.  Claim III: Tortious Interference with Contract

Citing *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1148 (2004), Defendants point out that "tortious interference of contract arises where a stranger to a contract intentionally interferes with the performance of a contract." Plaintiff argues that the individual Defendants were not named parties to the contract and that their interference with the confidentiality provision of the settlement agreement involved actions undertaken in their personal capacities.

The FAC alleges that the terms of contract were "binding and applicable to County, . . . Board members in their official capacities, and Plaintiff." First Amended Complaint, 5:20-22. Thus, as presently framed, the Plaintiff's pleadings show that the named defendants were not "strangers to the contract," even if they were not explicitly named as parties to the settlement agreement, because "Board members in their official capacities" were specifically bound by the contract. Apart from a conclusory statement that the individual Defendants acted in their personal capacities, Plaintiff offers no factual support for this claim. Accordingly, the claim will be dismissed with leave to amend.

### 4.  Claim IV: Intentional Infliction of Emotional Distress

The allegations of Plaintiff's fourth claim merely restate those of Claim I, asserting that the conduct was "extreme and outrageous." To state a claim for intentional infliction of emotional distress under California law, Plaintiff must show that 1) Defendants engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the chance of causing, emotional distress; 2) he actually suffered emotional distress; and 3) the cause of the distress was the Defendants' conduct. *Trerice v. Blue Cross of California*, 209 Cal.App.3d 878, 883 (1989). While Plaintiff repleads the allegations of Claims I and II, he acknowledges that he has failed to allege the elements of intentional infliction of emotional distress with sufficient

6

particularity. Plaintiff must do more than allege that he is "unaware" of any other County employee or officer having been subject to the *de facto* disciplinary hearing described in the FAC. First Amended Complaint, 9:21-24. Accordingly, Claim IV will be dismissed with leave to amend.

## IV. ORDER

Good cause therefor appearing, Defendants' motion to dismiss is DENIED as to Claims I and II, and GRANTED with leave to amend as to Claims III and IV. Any amended complaint shall be filed within twenty (20) days of the date of this order.

IT IS SO ORDERED.

DATED: March 31, 2008

_____
JEREMY FOGEL
United States District Judge

---

7
Case No. C 07-2528 JF
ORDER DENYING MOTION TO DISMISS IN PART ETC.
(JFEX1)

1  This Order has been served upon the following persons:

2

3  Terence O'Connell Mayo

4   terryomayo@aol.com

5

6  Daniel Paul McKinnon

7  dmckinnon@rmkb.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

Case No. C 07-2528 JF
ORDER DENYING MOTION TO DISMISS IN PART ETC.
(JFEX1)