1  STEPHAN A. BARBER (SBN 70070)
   DANIEL P. MCKINNON (SBN 234749)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   80 North First Street
3  San Jose, CA  95113
   Telephone:   (408) 287-6262
4  Facsimile:   (408) 918-4501
   Email:       sbarber@ropers.com
5  Email:       dmckinnon@ropers.com

6  Attorneys for Defendant
   COUNTY OF SAN BENITO

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
                              SAN JOSE DIVISION
10

11
   JOHN J. SARSFIELD                        CASE NO. C-07-2528 JF
12
              Plaintiff,                    **DEFENDANTS' ANSWER TO SECOND
13                                          AMENDED COMPLAINT**
       v.
14
   COUNTY OF SAN BENITO, JAIME DE
15 LA CRUZ, in his official capacity, REB
   MONACO, in his official capacity,
16 ANTHONY BOTELHO, in his official
   capacity, DON MARCUS, in his official
17 capacity, and DOES 1 through 10,
   inclusive,
18
              Defendants.
19

20     COME NOW defendants COUNTY OF SAN BENITO, JAIME DE LA CRUZ, in his

21 official capacity, REB MONACO, in his official capacity, ANTHONY BOTELHO, in his official

22 capacity, DON MARCUS, in his official capacity ("Defendants") and on behalf of themselves

23 answers the Second Amended Complaint ("SAC") of JOHN SARSFIELD ("Plaintiff") on file

24 herein.

25

26     Defendants deny all of the allegations, generally and specifically, contained in the SAC

27 and each cause of action unless otherwise specifically admitted herein, and specifically denies

28

RC1/5114319.1/DPM                         - 1 -                          CASE NO. C-07-2528 JF

**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

that these Defendants are in any way liable to Plaintiff under the theories or in the matters set forth in the SAC; and deny that they are in any way liable to the Plaintiff alleged in the SAC as a result of any conduct of these Defendants; and further deny that Plaintiff was injured or damaged as alleged in the SAC.

1. Defendants deny the allegations in Paragraph 1 of the SAC.

2. Defendants deny the allegations in Paragraph 2 of the SAC.

3. Defendants admit that venue in Santa Clara County is appropriate but deny that Plaintiff has cause of action under federal law.

4. Defendants have insufficient information to admit or deny the contents of Paragraph 4 of the SAC and therefore deny the same on that basis.

5. Defendants have insufficient information to admit or deny the contents of Paragraph 5 of the SAC and therefore deny the same on that basis.

6. Defendants have insufficient information to admit or deny the contents of Paragraph 6 f the SAC and therefore deny the same on that basis.

7. Defendants have insufficient information to admit or deny the contents of Paragraph 7 of the SAC and therefore deny the same on that basis.

8. Defendants have insufficient information to admit or deny the contents of Paragraph 8 of the SAC and therefore deny the same on that basis.

9. Defendants admit the allegations of Paragraph 9 of the SAC.

10. Defendants have insufficient information to admit or deny the contents of Paragraph 10 the SAC and therefore deny the same on that basis.

11. Defendants deny the allegations in Paragraph 11 of the SAC.

12. Defendants deny the allegations in Paragraph 12 of the SAC.

13. Defendants deny the allegations in Paragraph 13 of the SAC.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

14. Defendants have insufficient information to admit or deny the contents of Paragraph 14 of the SAC and therefore deny the same on that basis.

15. Defendants deny the allegations in Paragraph 15 of the SAC.

16. Defendants deny the allegations in Paragraph 16 of the SAC.

17. Defendants admit that the litigation identified in the SAC as "Fancher/Roybal II matter" was brought against the County only, but deny the remaining allegations in Paragraph 17 of the SAC.

18. Defendants deny the allegations in Paragraph 18 of the SAC.

19. Defendants deny the allegations in Paragraph 19 of the SAC.

20. Defendants admit that Plaintiff improperly recovery of attorney's fees voluntarily incurred but deny the remainder of the allegations in Paragraph 20 of the SAC.

21. Defendants deny the allegations in Paragraph 21 of the SAC.

22. Defendants deny the allegations in Paragraph 22 of the SAC.

23. Defendants deny the allegations in Paragraph 23 of the SAC.

24. Defendants deny the allegations in Paragraph 24 of the SAC.

25. Defendants deny the allegations in Paragraph 25 of the SAC.

26. Defendants deny the allegations in Paragraph 26 of the SAC.

27. Defendants deny the allegations in Paragraph 27 of the SAC.

28. Defendants have insufficient information to admit or deny the contents of Paragraph 28 of the SAC and therefore deny the same on that basis.

29. Defendants deny the allegations in Paragraph 29 of the SAC.

30. Defendants deny the allegations in Paragraph 30 of the SAC.

31. Defendants deny the allegations in Paragraph 31 of the SAC.

32. Defendants deny the allegations in Paragraph 32 of the SAC.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

33. Defendants deny the allegations in Paragraph 33 of the SAC.

34. Defendants deny the allegations in Paragraph 34 of the SAC.

35. Defendants deny the allegations in Paragraph 35 of the SAC.

36. Defendants admit that Plaintiff submitted an administrative claim and that it was denied but deny the remainder of the allegations in Paragraph 36 of the SAC.

37. No response is necessary to Paragraph 37 since Defendants have sufficiently responded to each and every allegation of Paragraphs 1 through 36.

38. Defendants deny the allegations in Paragraph 38 of the SAC.

39. Defendants have insufficient information to admit or deny the contents of Paragraph 39 of the SAC and therefore deny the same on that basis.

40. Defendants deny the allegations in Paragraph 40 of the SAC.

41. Defendants deny the allegations in Paragraph 41 of the SAC.

42. No response is necessary to Paragraph 42 since Defendants have sufficiently responded to each and every allegation of Paragraphs 1 through 41.

43. Defendants deny the allegations in Paragraph 43 of the SAC.

43. [SIC]   Defendants deny the allegations in Paragraph 43 [SIC] of the SAC.

44. Defendants deny the allegations in Paragraph 44 of the SAC.

45. Defendants deny the allegations in Paragraph 45 of the SAC.

46. Defendants deny the allegations in Paragraph 46 of the SAC.

47. Defendants deny the allegations in Paragraph 47 of the SAC.

48. Defendants deny the allegations in Paragraph 48 of the SAC.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

As a distinct and, separate and further affirmative defense, Defendants allege that the SAC on file herein, and causes of action contained therein, fail to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

(Doctrine of Laches)

As a distinct and, separate and further affirmative defense, Defendants allege that Plaintiff's recovery herein is limited or barred under the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

(Doctrine of Estoppel)

As a distinct and, separate and further affirmative defense, Defendants allege that Plaintiff's recovery herein is limited or barred under the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

(Doctrine of Waiver)

As a distinct and, separate and further affirmative defense, Defendants allege that Plaintiff's recovery herein is limited or barred under the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

(Doctrine of Unclean Hands)

As a distinct and, separate and further affirmative defense, Defendants allege that Plaintiff's are barred and precluded from recovery in this action under the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

As a distinct and, separate and further affirmative defense, Defendants allege that at all times mentioned herein Plaintiff and each of his successors in interest, and predecessors in interest, failed to use reasonable care to reduce and minimize, as much as reasonably possible, the damages, if any, and that this failure is the direct and proximate cause of any and all damages, if any, sustained by Plaintiff, and therefore these Defendants are not liable to Plaintiff for any damages.

### SEVENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

As a distinct and, separate and further affirmative defense, Defendants allege that the SAC and each and every cause of action contained therein, are barred by the applicable statue of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

(Supervening Causes)

As a distinct and, separate and further affirmative defense, Defendant allege that at all times mentioned herein Plaintiff's resulting injuries and damages, if any, were proximately caused by the acts or conduct of Plaintiff and/or by other or unknown third parties, which acts or conduct were the intervening and superseding causes of the injuries and damages, if any, which Plaintiff claims, thus barring Plaintiff from any recover against these Defendants.

### NINTH AFFIRMATIVE DEFENSE

(Failure to File a Claim)

As a distinct and, separate and further affirmative defense, Defendants allege that the SAC

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

1  are barred for failure to file a proper claim pursuant to Government Code §910.

## TENTH AFFIRMATIVE DEFENSE

(Consent)

As a distinct and, separate and further affirmative defense, Defendants allege that Plaintiff consented to the acts and conduct of these Defendants upon which the SAC are based.

## ELEVENTH AFFIRMATIVE DEFENSE

(Assumption of the Risk)

As a distinct and, separate and further affirmative defense, Defendants allege that Plaintiff had the express knowledge of the risks and hazards, which allegedly caused the injuries or damage complained of and thereafter knowingly and willingly assumed those risks.

## TWELFTH AFFIRMATIVE DEFENSE

(Privilege, Justification, Fairness, Reasonableness, and Good Faith)

As a distinct and, separate and further affirmative defense, Defendants allege that their acts and conduct at all relevant times were privileged, justified, fair, and reasonable under the given circumstances and taken in good faith.

## THIRTEENTH AFFIRMATIVE DEFENSE

(No Punitive Damages)

As a distinct and, separate and further affirmative defense, Defendants allege that Plaintiff's SAC fails to allege facts which would substantiate a claim for punitive damages and/or exemplary damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

(No Intentional Misconduct)

As a distinct and, separate and further affirmative defense, Defendants allege that Plaintiff

failed to state a cause of action for intentional misconduct sufficient to support a claim for punitive damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Agent-Immunity)

As a distinct and, separate and further affirmative defense, Defendants allege that at all times alleged in the SAC, the individually named defendants were acting at the direction of their principle and, thus, pursuant to the agent-immunity doctrine, they are not liable for any of the alleged acts, omissions or damages set forth in the SAC.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Join A Necessary Party)

As a distinct and, separate and further affirmative defense, Defendants allege that the SAC are barred for failure to name a necessary party pursuant to Rule 19 of the Federal Rule of Civil Procedure.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(No Representation)

As a distinct and, separate and further affirmative defense, Defendants allege it did not make a representation upon which any cause of action in Plaintiff's SAC is based and therefore can not be liable to Plaintiff for injuries or damages, if any, allegedly sustained by Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(No Reckless, Fraud, Oppressive, or Malicious Conduct)

As a distinct and, separate and further affirmative defense, Defendant alleges that at all times alleged in the SAC these Defendants did not act with recklessness, fraud, oppression, or malice.

### NINETEENTH AFFIRMATIVE DEFENSE

(Immunity)

As a distinct and, separate and further affirmative defense, Defendants allege that they are immune from liability to Plaintiff by virtue of Federal and/or State law.

### TWENTIETH AFFIRMATIVE DEFENSE

(Government Immunity)

As a distinct and, separate and further affirmative defense, Defendants allege that they are immune from liability to Plaintiff by virtue of California Government Code §§815, 815.2(b), 815.3, 818.2, 818.4, 818.8, 820.2, 820.2, 820.4, 820.8, 821, 821.2, 821.6, 822.2, 25303, 25080, 54950, and/or 54953(a).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(No Punitive or Exemplary Damages)

As a distinct and, separate and further affirmative defense, Defendants allege that Plaintiff cannot recover punitive or exemplary damages against them as a matter of law by virtue of California Government Code §818.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Confidential Government Contract)

As a distinct and, separate and further affirmative defense, Defendants allege that the contract between Plaintiff and the County is unenforceable and/or can not remain confidential pursuant to Government Code §§6252, 6253.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Insufficient Knowledge Re: Additional Defenses)

As a distinct and, separate and further affirmative defense, Defendants allege that

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

presently they have insufficient knowledge or information upon which to form a belief as to whether he may have additional, as yet unstated, defenses available. Defendants reserve their right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional, but presently unknown or unstated, affirmative defenses would be applicable.

WHEREFORE, this answering defendant prays for judgment as follows:

1. That plaintiffs take nothing by their Complaint;

2. For reasonable attorney's fees and costs of suit incurred herein; and

3. For such other and further relief as the Court deems proper.

Dated: May 8, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
STEPHAN A. BARBER
DANIEL P. MCKINNON
Attorneys for Defendant
COUNTY OF SAN BENITO

## JURY TRIAL DEMANDED

Defendant COUNTY OF SAN BENITO, hereby demands trial by jury.

Dated: May 8, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
STEPHAN A. BARBER
DANIEL P. MCKINNON
Attorneys for Defendant
COUNTY OF SAN BENITO