UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN J. SARSFIELD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SAN BENITO, et al.,<br><br>　　　　Defendants. | Case No.: C 07-2528 JF (PVT)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO ANSWER DEPOSITION QUESTIONS** |

　　　　On January 7, 2009, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendants' Motion to Compel Plaintiff to Answer Questions at Deposition.[1]  Based on the briefs and arguments submitted,

　　　　IT IS HEREBY ORDERED that Defendants' motion is DENIED.  The information is not relevant to Plaintiff's claims or Defendants' defenses, nor likely to lead to admissible evidence.

　　　　Defendants argue that the information is relevant to Plaintiff's claim that Defendants retaliated against him for reporting alleged attempted extortion by Defendant De La Cruz (or his

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

1  attorney).² The alleged attempted extortion involved Defendant De La Cruz, or his attorney,
2  threatening to make public Plaintiff's purported extramarital affair with the office manager unless
3  Plaintiff dropped an investigation of De La Cruz.
4       The entire basis of Defendants' relevance argument is the assertion that a claim for civil
5  extortion must involve a threat made with the knowledge of its falsity, citing *Fuhrman v. California*
6  *Satellite Systems*, 179 Cal.App.3d 408, 426 (1986) (overruled on other grounds) (citing *Leeper v.*
7  *Beltrami*, 53 Cal.2d 195, 204 (1959)). However, Defendants' argument is fallacious and the cases
8  cited are inapposite.
9       To begin with, whether or not the acts reported by Plaintiff constituted extortion is irrelevant
10 to the determination of whether Defendants retaliated against Plaintiff for making the report.
11 Moreover, a threat to make public a District Attorney's alleged extramarital affair if the District
12 Attorney refused to drop an investigation would constitute extortion under Section 518 of the
13 California Penal Code, regardless of whether there was any such affair. Section 518 provides:
14
15      "Extortion is the obtaining of property from another, with his consent,
        or *the obtaining of an official act of a public officer, induced by a*
        *wrongful use of* force or *fear*, or under color of official right." *See*
        CAL. PEN. CODE § 518 (emphasis added).
16
17 A District Attorney's directive that an investigation be dropped is an official act. If De La Cruz or
18 his attorney induced such an act by wrongfully using the fear of publication of allegations of an
19 extramarital affair, the requirements of Section 518 would be met regardless of whether any such
20 affair had actually occurred.
21      The cases cited by Defendant involved threats of litigation or other legal action. It is only
22 with regard to those kind of threats that the threat must involve a false claim in order to be
23 actionable. *See, e.g., Fuhrman*, 179 Cal.App.3d at 426 ("To be actionable the threat *of prosecution*
24

---

25   ² It is unclear whether this allegation even remains at issue in this lawsuit. In a March 31,
26 2008 order, District Judge Fogel wrote: "It is clear that Plaintiff's reporting to the FBI and the United
   States Department of Justice of alleged criminal misconduct by De La Cruz concerned matters within
27 the scope of his responsibilities as District Attorney." Judge Fogel went on to find that other allegations
   in Claim 1 were sufficient to overcome the motion to dismiss. Specifically he noted that "Plaintiff's
28 reporting to the County's Human Resources Department of workplace harassment complaints against
   De La Cruz may concern matters outside the scope of Plaintiff's job responsibilities."

ORDER, *page 2*

1  must be made with the knowledge of the falsity of the claim" (emphasis added)).  Nothing in Penal
2  Code section 518 limits extortion to threats that are false.
3        Because the court finds that Defendants have not carried their burden of showing the
4  information sought is relevant to a claim or defense in this action, the court does not reach Plaintiff's
5  privacy arguments.
6  Dated: *1/13/09*

*[signature]*
PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 3*